necessary to his cause of action, but a mere failure to call all of the persons who could throw light upon the subject does not subject him to any adverse inferences. However, the court made no ruling upon this particular request, and, after some running comment between counsel, defendant's counsel said:

"My point is that here was this woman's husband with her at the time, whom she said had a certain connection with giving her certain drugs, and so forth. Now, they have not called him; and I say that, where a witness is in the plaintiff's possession, and was also present when the release was signed—that is, the husband of the plaintiff, who is on good terms with her in the court—I ask your honor to charge the jury that, under those circumstances, where they have not called him, the jury may infer that his testimony would not be of benefit to her."

This request the learned court refused to charge, and properly, we believe. The plaintiff had testified that she had taken the morphine; it appeared in evidence that the morphine had been furnished by her husband, a licensed physician; and, the burden being upon the defendant to show that its release was good, why should the plaintiff be called upon to place Dr. Baldwin upon the stand, or run the risk of having the jury charged that they might infer that his testimony would not be of advantage to her? The defendant had the same right to call Dr. Baldwin that the plaintiff had; there was nothing to indicate that he was less friendly to the defendant than to the plaintiff; and, if the latter was content to rest her case upon her own testimony in reference to the release and the circumstances under which it was procured, no rights of the defendant were prejudiced, and it had no right to have the jury charged as requested. It was for the defendant to show that it had a valid release, and undoubtedly, if it had had any reason to believe that Dr. Baldwin would have discredited the testimony of the plaintiff in any degree, it would not have failed to call him. Not caring to take this responsibility itself, it would be strange if it could get all of the effect of discrediting evidence by the mere failure of the plaintiff to call a witness upon a collateral issue, and one which was already supported by evidence of equal value. This is not a case where a party fails to call the only witness who was in a position to know the truth; it is one where there were two witnesses, and the plaintiff chose to rely upon her own testimony, leaving it for the defendant to contradict or weaken it if it could.

The judgment and order appealed from should be affirmed, with costs.

(99 App. Div. 499)

MULLIGAN v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. MASTER AND SERVANT—PERSONAL INJURIES—PLEADING—AMENDMENT—EMPLOYERS' LIABILITY ACT.

The employers' liability act (Laws 1902, p. 1748, c. 600), "to extend and regulate the liability of employers to make compensation for personal injuries suffered by employés," and providing that the injured party should have the same right of compensation and remedies as if the relation of master and servant had not existed, does not give a new remedy, but.

merely extends the liability of employers for negligence; and a complaint by an employé, having set out a cause of action at common law, might be amended by allegations bringing the cause within said act.

Appeal from Special Term, Orange County.

Action by John Mulligan against the Erie Railroad Company. From an order denying plaintiff's motion for leave to serve an amended complaint, he appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Thomas Watts, for appellant.

Philip A. Rorty, for respondent.

WOODWARD, J.   On the 14th day of January the plaintiff served a complaint in this action.   On the 18th day of March the defendant answered.   On the 31st day of March the plaintiff served an amended complaint.   Both the original and amended complaints are conceded to have set out a good cause of action at common law for negligence resulting in personal injuries to the plaintiff, together with an allegation that the notice in writing required by the employers' liability act (Laws 1902, p. 1748, c. 600) had been served upon the defendant within the time required by the statute.   On the 22d day of April, 1904, the plaintiff obtained an order to show cause why he should not be allowed to amend the complaint in accordance with the proposed amended complaint served with the motion papers.   The proposed amended complaint set forth a cause of action at common law, and for a second cause of action alleged the same state of facts, with additional allegations bringing the case within the purview of the employers' liability act.   It does not appear that there was any suggestion that it was improper to grant the relief upon the papers submitted, except that it was urged that, as the plaintiff by his amended complaint had declared upon his common-law remedy, he was bound to pursue that remedy; that he had elected to stand upon this common-law right, and could not be permitted to set up his rights under the statute.   This view was taken by the learned court at Special Term, and the plaintiff appeals.

The policy of the law is to permit litigants to dispose of the whole controversy between them in a single action, and, to this end, liberal provisions are made in the Code of Civil Procedure for enabling pleaders to place their cases before the court in such a manner that a single trial may adjust all differences.   The doctrine of an election of remedies applies only to cases where there is by law or by contract a choice between two remedies which proceed on opposite and irreconcilable claims of right.   In such a case a party having a resort to one remedy is bound by his first election, and hence barred from the prosecution of the other.   Matter of Garver, 176 N. Y. 386, 392, 68 N. E. 667.   But here there is no choice of remedies. Chapter 600, p. 1748, of the Laws of 1902, specifically provides that the injured party "shall have the same right of compensation and

remedies against the employer as if the employé had not been an employé of nor in the service of the employer nor engaged in his work." This clearly indicates an intention on the part of the Legislature not to change the common-law remedy, but, as the title of the act declares, "to extend and regulate the liability of employers to make compensation for personal injuries suffered by employees." It did not give a new remedy for acts of negligence resulting in personal injuries. It merely extended the liability of employers for negligence of their superintendents, etc.; giving an action in some cases where it would not have existed at common law. Rosin v. Lidgerwood Manufacturing Co., 89 App. Div. 245, 86 N. Y. Supp. 49; Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411.

It is true, as pointed out by the respondent, that some of the earlier Special Term cases, under the Code of Procedure, held that the form of pleading adopted by the plaintiff in the present case was not warranted. Stockbridge Iron Co. v. Mellen, 5 How. Prac. 439; Lackey v. Vanderbilt, 10 How. Prac. 155. But it is mistaken in assuming that these cases have remained unchallenged. They were considered in Birdseye v. Smith, 32 Barb. 217, and their apparent doctrine was modified to such an extent that a pleading which declared in one count upon a promissory note, alleging that it was executed and delivered to the company as and for a part of its capital stock, and, in a second count upon the same note, alleged that it was given for the premium on a policy of insurance, and as an agreement to contribute ratably to the losses and expenses of the company, was approved. The pleadings in that case set forth the facts in regard to the note in both counts, merely alleging different purposes for which the note was executed and delivered, and the court say:

"Several statements of the same cause of action, substantially the same, and differing only in form, are not necessary. But when the statements differ materially and in substance, and are not unnecessarily inserted, and cannot mislead the defendant or embarrass the defense, but are only inserted from the caution which every good practitioner finds it necessary to exercise to guard against the infirmities of human memory and the defects of human testimony, I would allow them to stand as not 'unnecessary repetitions.' * * * The two counts are not inserted to meet a possible variance in the statement of a single cause of action, but to sustain two distinct and different claims. The fact that they are based upon the same instrument does not affect the question."

In Goldstein v. Stern, 29 N. Y. St. Rep. 661, 9 N. Y. Supp. 274, the complaint contained two counts—one for goods sold and delivered at an agreed price of $239.36; the other for goods of the value of $210.74, delivered on a written order—and demanded judgment for $210.74. On a motion to compel the plaintiff to elect upon which count he would proceed, it was held that there was sufficient dissimilarity to relieve the pleadings from the charge of unnecessary repetition, and that he should not be compelled to elect.

In Haynes v. B., N. Y. & P. R. Co., 38 Hun, 17, 19, the complaint contained two counts—one based upon the covenant in the deed, and the other upon the statute giving to the proprietors of lands

through which a railroad passes the right to have suitable farm crossings constructed by the railroad company. The court say:

"The learned counsel for the defendant contends that the trial court erred in denying defendant's motion to compel the plaintiffs to elect on which count they would rely. We think there was no error in the ruling. The two counts were not inconsistent with each other, as each stated a separate ground for the relief demanded in the complaint, both of which may have existed at the same time."

In Blank v. Hartshorn, 37 Hun, 101, there were three counts, and the court, after intelligently discussing the provisions of the Code of Civil Procedure relating to "unnecessary repetitions," and holding that the three counts in that case, all growing out of the same transaction, were not improper, and that the plaintiff should not be forced to an election, say:

"These views are in harmony with the cases of Longprey v. Yates, 31 Hun, 432, decided in the old Fourth Department, and the authorities there cited. In Velie v. Insurance Company, 65 How. Prac. 1, Westbrook, J., speaking of the different grounds of recovery presented by the two counts in that case, said: 'If either or both are tried, the proof upon each ground of recovery stated may be close and conflicting. A jury of twelve men may be divided in opinion as to which one is established, while all may unite—some for one reason and some for another—in the conclusion that the plaintiff is entitled to recover.' And the Court of Appeals has held in a recent case that 'it is not necessary that a jury, in order to find a verdict, should concur in a single view of the transaction disclosed by the evidence. If the conclusion may be justified upon either of two interpretations of the evidence, the verdict cannot be impeached by showing that part of the jury proceeded upon one interpretation, and a part upon the other.'"

In Longprey v. Yates, 31 Hun, 432, the first count alleged that the plaintiffs did certain work for the defendant, and expended the sum of $7 in doing the same, and that in consideration thereof the defendant promised to pay the sum of $2,563.35 for said work, and to pay the sum so expended. The second count alleged that the plaintiffs did work for the defendant, for which he promised to pay the value thereof, and that it was worth the sum of $2,563.35. It was conceded that the work done was the same under both counts, but the court denied a motion to compel the plaintiffs to elect between the two counts; and, in commenting on the defendant's contention that the pleading was bad for "unnecessary repetition," the court say:

"We think otherwise. Each count states a separate and complete cause of action, although arising out of one transaction. The first count is upon an agreed price, and the second upon a quantum meruit. The current Code allows a statement of each cause of action."

In Massachusetts, under the employers' liability act of that state, in essential particulars the same as our own, the exact practice followed by the plaintiff in the present action is distinctly approved. Clare v. New York, etc., Railroad, 172 Mass. 211, 212, 51 N. E. 1083, and authority there cited. We are clearly of opinion that, as the plaintiff would not be compelled to elect between the two counts if he had stated them originally, it is improper to deny him the right of amending his pleadings so as to bring him under the provisions of the employers' liability act. It may be that the

second count is all that is necessary, but the first can do no harm
to the defendant, and the plaintiff has a right to the benefit of the
statute if the facts bring him within its provisions.

We are of opinion, therefore, that the order appealed from should
be reversed, with $10 costs and disbursements, and the plaintiff
should be permitted to amend his complaint in the manner re-
quested in his motion. All concur.