## HUGHES v. RUSSELL.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE MACHINERY—NEGLIGENCE.

   Where plaintiff was injured by the sudden derangement of an embossing machine which he was operating, which derangement had existed only for a few minutes before the injury, and no notice thereof had been given except to a fellow servant not shown to have superintendence or to be charged with any duty in respect to the examination and repair of the machine, such facts were insufficient to establish the master's negligence, warranting a recovery.

2. SAME—EMPLOYERS' LIABILITY ACT—NOTICE.

   Where a notice of injury under the employers' liability act (Laws 1902, p. 1748, c. 600) recited that it was given in behalf of John Hughes, instead of Michael J. Hughes, the plaintiff, and stated that the cause of injury was the defective condition of a stamping press, in that the whole machine was out of plumb, of which there was no evidence, the notice was insufficient, in the absence of proof under the statute that "there was no intention to mislead and that defendant was not, in fact, misled thereby."

Appeal from Trial Term, Richmond County.

Action by Michael J. Hughes against Thomas Russell. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

John Ewen, for appellant.

Summer B. Stiles (Herbert C. Smyth, on the brief), for respondent.

WILLARD BARTLETT, J. The complaint alleged that the plaintiff, while in the employ of the defendant, was injured by reason of the unsafe and defective condition of an embossing machine furnished to him with which to do his work, and by reason of the carelessness and negligence of the foreman or other person intrust-

ed with and exercising superintendence in behalf of the defendant.

In my opinion, the plaintiff failed to establish this allegation or any state of facts rendering the defendant liable for negligence either at common law or under the employers' liability act (chapter 600, p. 1748, Laws 1902). The plaintiff was injured while at work upon a machine for stamping or embossing book covers, which, according to his testimony, after having worked perfectly on the day of the accident, suddenly became out of order. He thereupon went to one Asa Bennett, whom he describes as "the foreman over me," and called his attention to the condition of the machine. He says, in substance, that Bennett then came over to the machine, and, after examining it and adjusting it, told him that it was all right, and directed him to continue his work upon it; that the machine appeared to work all right at first, but that upon the second attempt to operate it the pressure of his foot upon the treadle failed to stop the plunger, as it should have done, and that the plunger descended upon his hand and crushed it. Bennett denies having been called to look at the machine before the accident, or having given any direction about it; but assuming the truth of the plaintiff's testimony, the proof is clear that the machine was in good order in the first place and suddenly became out of order, and the question is whether the notice which was given to Bennett under the circumstances, and Bennett's action in the premises, as narrated by the plaintiff, furnish a sufficient basis to charge the employer with liability. There is no evidence tending to show that Bennett was employed to exercise any duty of superintendence or inspection over the machine upon which the plaintiff was at work, unless such inference is to be drawn from the simple fact that the plaintiff denominated Bennett as his foreman. I do not think that was enough. The plaintiff himself testified that at the time of the accident Bennett was doing his own work in his regular employment upon the same kind of a machine, about 10 feet distant, and it appeared from Bennett's own testimony that he was only a stamper. There was also uncontradicted evidence on behalf of the defendant that another person was superintendent of the defendant's factory, who was absent from the building at the time of the accident; and there was no proof that the functions of this superintendent, in his absence, had been devolved upon Bennett or any one else. It would be going further than any decided case which I can now recall to hold that a master is liable for the sudden derangement of a piece of machinery, previously in perfect order, where such derangement had existed only for a few minutes before the injury complained of, and notice thereof had been given only to a fellow servant or employé not shown to have been charged with any duty in respect to the examination or repair of the machine. I conclude, therefore, that the proof was too meager to sustain a cause of action at common law.

The notice served upon the defendant was insufficient under the employers' liability act. It was given in behalf of John Hughes, instead of Michael J. Hughes, the plaintiff. Furthermore, it stated the cause of the injury to be the defective condition of the stamping

press, "in that the whole machine was out of plumb." There was no evidence tending in the slightest respect to show that the accident was due to such a cause. The insufficiency of the notice might have been obviated by proof under the statute "that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby," but the record contains no testimony tending to establish either of these facts.

For these reasons, I advise a reversal.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.