acted towards him in entire good faith. He testified that he told them that he wanted a responsible man on the bond, that otherwise he would not make the deal, and that they assured him that Larkin was perfectly good for the $25,000. This evidence was not in terms disputed by the brokers. They testified, moreover, that before the execution of the contract they knew that Larkin was not the owner of the property, but merely held title for the convenience of the real owners, and they admitted that they did not inform the defendant of the fact. On the contrary, they testified that they told the defendant that Larkin was the owner of the property which so stood in his name. They were acting under an agreement with the real owners of the property in question to receive commissions from them on the exchange, and that fact they also concealed from the defendant.

It was clearly established that Larkin was not at the time of the transaction the owner of any property, and that his bond for $25,000 was accordingly not good. In view of the undisputed evidence as to the defendant's inquiry of the brokers on the subject of Larkin's pecuniary responsibility, it cannot be doubted that their concealment of his true relation to the property which he was contracting to convey was an act of bad faith which deprives them of all right to compensation for their services. The concealment by an agent of facts which are material to his principal's interests, especially after inquiry made, amounts in law to fraud. "Like other agents, the broker is required to exercise the utmost good faith towards his principal; and if in the course of his agency he has committed a fraud on his principal, he is not entitled to his commissions." American & English Encyclopedia of Law (2d. Ed.) vol. 4, p. 971; Martin v. Bliss, 57 Hun, 157, 10 N. Y. Supp. 886; Whaples v. Fahys, 87 App. Div. 518, 84 N. Y. Supp. 793; Murray v. Beard, 102 N. Y. 505, 7 N. E. 553.

The judgment and order should be reversed.

Judgment and order reversed, and new trial ordered; costs to abide the event. All concur.

---

(107 App. Div. 488.)

KLEPS v. BRISTOL MFG. CO.

(Supreme Court, Appellate Division, Second Department. September 29, 1905.)

1. MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—EXTRATERRITORIAL EFFECT.

Employers' Liability Act, Laws 1902, p. 1748, c. 600, gives no cause of action for injuries sustained in another state by a resident of that state against one of its corporations, whose negligence is alleged to have caused the injury.

2. SAME—PLEADING—SURPLUSAGE—REJECTION.

A paragraph of a complaint for injuries to a servant, alleging that plaintiff caused to be served upon defendant the notice of injury required by laws 1902, p. 1748, c. 600 (Employers' Liability Act), was properly

95 N.Y.S.—22

eliminated as surplusage, where the complaint as a whole stated no cause of action under the statute, but stated merely a cause of action at common law.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 805.]

3. PLEADING—ELECTION BETWEEN COUNTS.

Where a cause of action for injuries to a servant is within Employers' Liability Act, Laws 1902, p. 1748, c. 600, and also exists at common law, plaintiff may allege both a statutory and common-law right of action, and recover upon either, and cannot be compelled to elect between the two before trial.

4. MASTER AND SERVANT—INJURY TO SERVANT—ACTION—JURISDICTION.

The courts of New York have jurisdiction of the subject-matter involved in a common-law right of action to recover damages for personal injury sustained in another state through the negligence of a resident of that state, although plaintiff at the time of the injury also resided there.

Appeal from Trial Term, Queens County.

Action by Fred Kleps against the Bristol Manufacturing Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Modified.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

F. De Lysle Smith, for appellant.

Melville J. France (George V. S. Williams, on the brief), for respondent.

RICH, J. This action was brought to recover damages alleged to have been sustained by the plaintiff in consequence of the defendant's negligence. The injury complained of occurred in defendant's factory, located at Bristol, in the state of Connecticut, on the 12th day of June, 1902, at which time the plaintiff was a resident of that state. In the sixth subdivision of his complaint the plaintiff alleges:

"That previous to the commencement of this action he caused to be served upon the defendant notice to it, in writing, stating the time, place, and cause of the injury alleged herein, as required by chapter 600 of the Laws of 1902."

He also alleged in other subdivisions of his complaint facts sufficient to constitute a common-law cause of action. The appellant contends that by the form of his complaint plaintiff is shown to have chosen his remedy and brought his action under the employers' liability act, and cannot recover on his common-law right of action; and, it appearing that the notice alleged to have been given was not served within 120 days after the injury was sustained, a recovery is precluded under the statute. I do not think there is any force in this argument. The statute gives no cause of action for an injury sustained in the state of Connecticut by a resident of that state against one of its corporations, whose negligence is alleged to have caused the injury, and the sixth subdivision was properly eliminated at the commencement of the trial as surplusage. Had the cause of action been within its provisions, the plaintiff might have alleged both his statutory and his common-law right of action, and rcovered upon either, and could not have been compelled

to elect between the two before trial. Mulligan v. Erie Railroad Co., 99 App. Div. 499, 91 N. Y. Supp. 60; Monigan v. Erie Railroad Co., 99 App. Div. 603, 91 N. Y. Supp. 657.

The case of Burdick v. Freeman, 120 N. Y. 426, 24 N. E. 949, cited by the appellant as an authority for the contention that the trial court was without jurisdiction, does not sustain that contention. In that case both parties to the action were residents of the state of Pennsylvania, while in the case at bar the plaintiff at the time the action was commenced resided in the state of New York. The case, however, is an authority sustaining the proposition that the courts of this state have jurisdiction of the subject-matter involved in a common-law right of action to recover damages for personal injury sustained in another state through the negligence of a resident of that state, although the plaintiff at the time of the injury also resided there.

The appellant seriously contends that the verdict of the jury was against the weight of the evidence; but after a careful examination of the record before us we are of opinion that there was sufficient evidence to sustain the finding of the jury. Defendant's legal rights were carefully guarded upon the trial, the case was fairly submitted to the jury by the learned trial justice, and no exceptions were taken which warrant our interference with the result.

It is conceded that the extra allowance of costs was granted without authority, and this amount must be deducted from the judgment.

The judgment should be modified by deducting therefrom the amount of the extra allowance, and, as so modified, affirmed, together with the order appealed from, without costs. All concur.