(109 App. Div. 135.)

### MILLER v. SOLVAY PROCESS CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—NOTICE OF INJURY—SUFFICIENCY.

Employers' Liability Act, § 2, Laws 1902, p. 1749, c. 600, provides that no recovery for injuries shall be maintained unless notice of the time, place, and cause of the injury be given the employer. A notice stated that the claimant was injured on or about a certain day in the yard of defendant, by reason of the negligence of the defendant in not providing compe-

tent servants to unload its coal from cars, and in not stationing guards to warn claimant of danger, and in failing to protect its employés. There were five different places in the yards where cars were unloaded, and the claimant was one of a gang of 20 or 30 men. *Held*, that the notice was insufficient.

2. SAME—PERSON EXERCISING SUPERINTENDENCE.

One who had charge of men engaged in unloading coal from cars, and who checked the cars and helped in the unloading, was not as to the others exercising superintendence, within Employers' Liability Act, Laws 1902, p. 1748, c. 600.

Appeal from Trial Term, Onondaga County.

Action by Henry Miller against the Solvay Process Company. From a judgment in favor of plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Louis L. Waters, for appellant.

John H. McCrahon, for respondent.

NASH, J. The action is for personal injuries. The plaintiff at the time his injuries were received was one of a gang of men in the employ of the defendant unloading cars of coal, shoveling the coal from open cars down into pockets underneath. In the center were two doors, which form part of the bottom of the car, and when open permitted the coal to run out through the opening, about 5 feet in length by 4 in width. The doors are fastened when closed by chains wound around a shaft, and opened by unwinding the chains. As stated by a witness, "To open those doors we unwind the dog. There is a dog on .the outside—what we call a dog—a catch that snaps on a little wheel. We unsnap that catch and unwind the chain." The car on which the accident occurred was a 25 ton car of rice coal, smaller than buckwheat, and the coal about 6 feet in depth over the doors. Five or six cars had been unloaded when the men came to this one. The coal was frozen in the cars that had been unloaded, and the men that went in the car on top of the coal to shovel had bars and hammers to drive down through the coal, to open the door when fast. The car in question was not frozen unless perhaps near the bottom of the car. Five of the gang came to this car—Flint, the foreman, and four others. Miller and two others went on top of the coal in the car. St. John, one of the men, was on one side of the car unwinding the dog. Flint, with a bar, on the other side lifted on the doors. They opened, and the men on the car, including the plaintiff, fell, slipping down into the coal. The plaintiff was injured by falling on the shaft in the bottom of the car. The action is brought under the Employers' Liability Act, Laws 1902, p. 1748, c. 600. The act provides (section 2) that no recovery for injuries under this act shall be maintained, unless notice of the time, place, and cause of the injury shall be given to the employer. The following is the notice served:

"Take notice that the undersigned, Henry Miller, was injured on or about the 17th day of January, 1905, in the yard of the Solvay Process Company at Solvay, N. Y., at the time being an employé of the Solvay Process Company. This claimant was injured by reason of the negligence and carelessness of

the defendant, its agents, servants, and employés, through their incompetency in not providing competent servants in the work of unloading its coal from cars, and in not stationing guards or persons to warn claimants of danger, and in failing to protect its employés while engaged in the performance of their various duties. Notice is given that this claimant, unless this matter is adjusted. will bring an action against the Solvay Process Company to recover damages for injury, under chapter 600, p. 1748, of the Laws of 1902, and the several acts amending the same, and this notice is served upon you in accordance therewith.                          Henry Miller, Claimant.

"Dated March 14, 1904."

The notice is defective in several particulars. The place mentioned in the notice is the yard of the defendant. There are four or five different places in the yard where cars of coal are unloaded, and the plaintiff was one of a gang of 20 or 30 men engaged in unloading. The notice does not state how or in what manner the plaintiff received his injury, nor wherein or in what manner the defendant's agents, servants, or employés were negligent or careless in not providing competent servants in the work of unloading coal, and in not stationing guards or persons to warn claimants of danger, and in protecting its employés while engaged in the performance of their various duties. There is no particular act of incompetency mentioned. The notice is too general and insufficient to furnish any substantial assistance to the defendant in the investigation of the claim, either as to the place or cause of the accident, and therefore does not meet the requirements of the statute in this behalf. There was no evidence whatever given upon the trial of any incompetency of defendant's agents in providing servants to do the work of unloading coal from the cars. Nor was there any evidence given upon the subject of stationing guards or persons to warn claimants or employés of danger, or upon the subject of protecting them while engaged in the performance of their various duties. In respect of its applicability to the injury actually sustained, the notice is wholly defective.

The evidence does not bring the case within the provisions of the act in other respects required to create liability. The plaintiff was not injured by reason of the negligence of any person in the service of the defendant intrusted with or exercising superintendence. Flint, by whose negligence the injury is said to have occurred, was a mere foreman, and a co-employé with the plaintiff. Furthermore, no negligence whatever on the part of Flint was shown. He was called as a witness by the plaintiff, and the only one who gave testimony on the subject of his duties as foreman, and of his act for which negligence is claimed. He says:

"I had four men in my charge, unloading and shoveling out the cars. My duties are to run the coal in there, to see that they have got coal enough for the Caustic each day and night, and check off the cars that come there on the ticket, and to see that my men work; see that they do what they ought to do. There are other departments in the Solvay Process Company where coal is loaded and unloaded. Mr. Lewis was at that time the man over me. I saw the accident. Mr. Miller was up on the car at that time. I was on the ground, checking off the cars, and helping open the cars. I came down and checked off the cars, and saw that the cars were on the cards, and I always help open them when I am down there when it is necessary. I took the bar, and put it under the car to help lift it and open it."

He says:

"St John was on the other side of the car unwinding the dog. The chain was unwound, and after it was unwound I took this spud or bar and lifted on the door. The car wasn't froze, because it came in fresh. Q. When you lifted on the doors they opened? A. Yes, sir. Q. Tell the jury what happened. A. They opened, and the men that were around there fell, slipped down through the soft coal; the men that were on the car on top of the coal. I saw nothing done any different with that car than there was with any other car. When the cars were frozen, we put the bar in to drive them open; if they won't open, we put in a bar, and drive them open with a sledge hammer. Put the bar down through the coal from the top, right down through the center of the doors, and the men on top of the cars drive those bars."

Miller says:

"I went up in the car. After I got up there, we put that bar in, and then I and another fellow was hammering away, and all at once the whole thing went, and I went over head—I went headfirst on the bar, across on my chest."

No one, not even the plaintiff, in his testimony characterized the act of Flint as negligent. The plaintiff attributed the course of the accident to the act of St. John, in the manner in which on this occasion he unwound the chain. If the injury to the plaintiff was caused by the negligent act of any employé of the defendant, it was that of St. John, a co-employé.

Our conclusion is that, both upon the ground of the defective notice and that the act of negligence claimed was not that of a person in the service of the defendant, intrusted with exercising superintendence within the meaning of the statute, the plaintiff should have been nonsuited.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event, upon questions of law only; the facts having been examined, and no error found therein. All concur; SPRING, J., in result only.