## O'DONNELL v. JOHN H. PARKER CO.

(Supreme Court, Appellate Division, First Department.   April 10, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—DEFECTIVE APPLIANCES—NEGLIGENCE.

It is the duty of an employer to furnish a safe scaffold on which his employés are required to work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 207.]

2. SAME—EMPLOYER'S LIABILITY ACT—NOTICE OF INJURY.

The notice of injury required by Employer's Liability Act, Laws 1902, p. 1749, c. 600, § 2, providing that no action for injury shall be maintained under the act unless notice of the time, place, and cause of injury is given to the employer, is sufficient where it fairly apprises the employer of the time, place, and cause of the injury; and a reasonable compliance with the statute such as may be made by a person of ordinary intelligence is sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

3. SAME.

A notice of injury to an employé which states that the injury was sustained while the employé was engaged in the construction of a designated building, that the injury was caused by the negligent omission of the employer and his agents and persons given the power of superintendence to furnish the employé with a safe scaffold on which to work, and that because of such omission the employé fell from the scaffold, and was injured as described, is sufficient under Employer's Liability Act, Laws 1902, p. 1748, c. 600, § 2.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

Appeal from Trial Term.

Action by Thomas O'Donnell against the John H. Parker Company. From a judgment of dismissal at the close of the case of plaintiff, he appeals.   Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

J. Brownson Ker, for appellant.

Carl S. Petrasch (Solomon J. Bischoff, on the brief), for respondent.

LAUGHLIN, J.   The complaint contains two counts.   The first is at common law for damages for personal injuries sustained through the alleged negligence of the defendant, and the second is under the employer's liability act, so called.   Chapter 600, p. 1748, Laws 1902. Upon the trial the plaintiff offered in evidence, under the second count of the complaint, a notice claimed to conform to the provisions of the employer's liability act, as follows:

"To John J. Parker Company, 225 Fourth Avenue, Borough of Manhattan, City of New York.

"Gentlemen:  Please take notice:  That I, Thomas O'Donnell, have a claim and cause of action against you arising from personal injuries received by me while in your employ on the 13th day of June, 1905, engaged in and about the building of a certain wall which you were then constructing in the basement of a certain building known as St. Johns College, situated in the borough of the Bronx, city of New York.  That said injuries received by me on said

date were caused solely by the negligent omission and failure of you, your agents, and those to whom you had given the power of superintendence to furnish and provide me with a reasonably safe place within which and reasonably safe tools, implements, and appliances with which to perform the work required of me by you to do and specifically the negligent failure and omission of you, your agents, and those to whom you had given the power of superintendence to furnish me with a safe and secure scaffold upon and from which to perform said work, and solely by reason of the negligent failure and omissions of you, your agents, and those to whom you had given the power of superintendence as aforesaid, I fell from said scaffold to the floor of said basement and thereby and by reason thereof, I sustained great bodily injury and many wounds, contusions and bruises in and about my head, arms, legs, and body, and became sick, sore, lame, and disabled and will continue so for a long time to come.

"Dated, New York, N. Y., July 6, 1905.

"Thomas O'Donnell, Claimant,
"Per Frank A. Acer, Attorney."

The notice was indorsed on the back, "Thomas O'Donnell v. John H. Parker Company," and below this title the notice was labeled, "Notice of Claim." The notice was excluded upon the objection interposed by counsel for the defendant that it did not comply with the requirements of the statute, and counsel for the plaintiff duly excepted. Section 2 of said chapter 600 of the Laws of 1902, provides, among other things, as follows:

"No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days and the action is commenced within one year after the occurrence of the accident causing the injury or death. The notice required by this section shall be in writing and signed by the person injured or by some one in his behalf, but if from physical or mental incapacity it is impossible for the person injured to give notice within the time provided in said section, he may give the same within ten days after such incapacity is removed. In case of his death without having given such notice, his executor or administrator may give such notice within sixty days after his appointment, but no notice under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury if it be shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby."

It is to be observed that this notice was a formal document, the purpose of which would be readily understood by the employer. No notice was required if common-law liability only was claimed. Certain provisions of the notice with respect to the negligence of those given the power of superintendence clearly showed that the claim was under the statute, for statutory language was employed which was wholly unnecessary on any other theory, and liability for the negligence of a superintendent was claimed which only existed under the statute. It unquestionably sufficiently specifies the time and place of receiving the injuries. It is claimed that it is defective, in that it does not, with sufficient definiteness, specify the cause of the injuries. The defendant was specifically informed by the notice that the precise cause was the negligence of the defendant, its agents, and those to whom it had given the power of superintendence to furnish him with a safe and secure scaffold upon which to work, and that, owing to such failure, he fell from the scaffold and sustained the injuries. There are other general charges of negligence, but this is a specific, definite charge, and states

the facts sufficiently to answer the requirements of the statute. It is the duty of the employer to furnish a safe scaffold upon which his employés are required to work. The defendant was informed by this notice that plaintiff would claim that the scaffold upon which the plaintiff was assigned to work was not safe or secure, and that, owing to these facts, he fell from it. If he had specified that the scaffold owing to its being unsafe and insecure through the negligence of the defendant gave way, the notice would clearly be sufficient. If a notice fairly apprises the employer of the time, place, and cause of the injury, that should be deemed sufficient. The injured employé in giving a notice under the statute should not be required to state facts with the same degree of accuracy and definiteness as is required in a pleading. A reasonable compliance with the statute, such as may be made by a person of ordinary intelligence, should be sufficient for the purpose of preserving the right of action. The notice pointed out that the complaint was with respect to the sufficiency and safety of a particular structure upon which plaintiff was required to work, and that its insecurity and unsafety resulted from the failure of the defendant to exercise proper care in the construction thereof. That was sufficient to enable the defendant to ascertain whether or not the charge was well founded, and to decide whether to settle or defend the claim.

It follows that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.