MATRUSCIELLO v. MILLIKEN BROS., Inc.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—NOTICE OF INJURIES—
SUFFICIENCY.

Under a statute requiring a notice of injuries to a servant to be given
to the employer, stating the time, place and cause of the injury, a notice
which stated the time as about 10:30 p. m. on April 2, 1907, the place
where the defendant's contracting operations were being carried on at
Mariners' Harbor, Staten Island, and cause the plaintiffs being struck
and run over by one of defendant's cars or train, was sufficient, though
it also contained statements of negligence, without specifying the particu-
lars in which the negligence consisted.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806;
Dec. Dig. § 252.*]

Appeal from Trial Term, Richmond County.

Action by Lorenzo Matrusciello against Milliken Bros., Incorporated,
for injuries received while in defendant's employ.   From a judgment
dismissing the complaint, and from an order denying plaintiff's mo-
tion for a new trial, he appeals.   Reversed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and
MILLER, JJ.

Thomas J. O'Neill, for appellant.
William L. Kiefer, for respondent.

MILLER, J.   I think the notice served in this case stated the time,
place and cause of the injury with sufficient accuracy.   It was as fol-
lows:

"To Milliken Brothers, Inc., No. 11 Broadway, New York City—Sirs:
Please take notice that I, the undersigned, on April 22nd, 1907, at about 10:30
p. m. while in your employ working in connection with your contracting opera-
tion at Mariners' Harbor, Staten Island, New York, was struck, injured and
run over by one of your cars or trains and sustained serious, painful and
permanent injuries to my body, especially to my leg which was so injured as
to necessitate amputation thereof, and a serious and permanent shock to my
nervous system.   That said injuries were caused without any negligence on
my part in any wise contributing thereto, but solely by your negligence, in
that, as my master, you failed to furnish me with a reasonably safe place,
appliances, ways, works, machinery, and apparatus in and in connection with
which to work, and failed to reasonably safeguard, inspect and keep safe
the same, and knowingly employed and retained incompetent foremen and co-
workmen to guide, direct, and assist me in the performance of my work, and
failed to formulate, promulgate, and enforce proper rules and regulations for
my safety and the safety of said co-employés, and in that your employés
charged with and exercising superintendence over me negligently and care-
lessly conducted themselves in connection with said acts of superintendence, as
a result of which I was caused to be struck and injured by said train and
cars, as aforsaid.

    "Yours, etc.,                           [Signed]   Lorenzo Matrusciello."

In each of the cases cited to sustain the respondent's contention,
the notice contained but a general statement of different grounds of
negligence, and was in effect nothing more than a statement that the
injury was caused by the employer's negligence.   The requirement of '

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the statute is that the notice shall contain a statement of the cause of the injury, and the purpose of it is that the employer may be informed of what happened so that he may intelligently investigate the case. Palmieri v. S. Pearson & Son, 128 App. Div. 231, 112 N. Y. Supp. 684, and cases cited. Eliminating the general statements of negligence which are mere useless verbiage and would be useless even in a complaint except possibly to embarrass the plaintiff, the notice states the time, place, and cause of the injury as follows: Time, about 10:30 p. m. on April 2, 1907; the place, where the defendant's contracting operations were being carried on at Mariners' Harbor, Staten Island; the cause, the plaintiff's being struck and run over by one of the defendant's cars or trains. Here is a definite statement of all the statute requires. O'Donnell v. Parker, 125 App. Div. 475, 109 N. Y. Supp. 875. It follows that the judgment should be reversed for the error in dismissing the complaint on the opening for insufficiency of the notice. All concur.

RICH, J., concurs in separate opinion, with whom WOODWARD, J., concurs.

RICH, J. This action is to recover damages for a personal injury. The complaint alleges facts sufficient to constitute a cause of action at common law, as well as a cause of action under the statute known as the employer's liability act, though not separately stated. This form of pleading is authorized, and a plaintiff may be permitted to recover when the evidence given upon the trial establishes a cause of action under either the common law or the employer's liability act. Kleps v. Bristol Manufacturing Co., 107 App. Div. 488, 95 N. Y. Supp. 337; Acardo v. N. Y. Contracting & Trucking Co., 116 App. Div. 793, 102 N. Y. Supp. 7. After counsel for the plaintiff had opened his case to the jury, the court directed that proof of the form and service of the notice be first tendered, and the defendant thereupon produced the notice served upon it, which the plaintiff introduced in evidence. The record shows the following to have then occurred:

"The Court: Have you any further evidence with respect to the giving of the notice?
"Mr. O'Neill: The answer admits the service of the notice.
"The Court: Now, with respect to the notice itself, its service, being admitted, have you on that subject any further proof to offer?
"Mr. O'Neill: I may, yes; later.
"The Court: I will ask you to produce it now. * * *
"Mr. O'Neill: If there is any insufficiency of the notice, I expect to show as this case proceeds by each and every witness that the defendant was thoroughly acquainted with the cause, and therefore was not deceived under section 3. That I cannot prove except as I go along.
"The Court: Outside of the evidence you have just referred to, have you no further evidence to offer on the subject of notice?
"Mr. O'Neill: No."

The learned trial justice held the notice insufficient in failing to state the cause of the accident, and dismissed the complaint. The defendant excepted to this ruling, and insisted upon the right of introducing evidence to establish its cause of action "not only under the employer's liability act, but also upon the common law, in the failure

to formulate and promulgate and enforce a rule and regulation with reference to the starting of trains upon signal only, which I claim caused this accident," to which the court replied:

"Plaintiff's motion to proceed with the case and introduce evidence on the theory that he has brought a common law action, basing the defendant's liability upon the failure to formulate and enforce proper rules and regulations for plaintiff's safety is denied. Complaint dismissed. Exception to Mr. O'Neill."

Plaintiff then moved to set aside the direction dismissing his complaint and for a new trial, which was denied and an exception taken.

The notice was·insufficient,. in that it fails to state the cause of the injury, as the learned trial justice correctly held. Miller v. Solvay Process Co., 109 App. Div. 135, 95 N. Y. Supp. 1020; Barry v. Derby Desk Co., 121 App. Div. 810, 106 N. Y. Supp. 575; Finnigan v. N. Y. Contracting Co., 122 App. Div. 712, 107 N. Y. Supp. 855; Bovi v. Hess, 123 App. Div. 389, 107 N. Y. Supp. 1001; Glynn v. N. Y. C. & H. R. R. Co., 125 App. Div. 186, 109 N. Y. Supp. 103; Kennedy v. N. Y. Telephone Co., 125 App. Div. 846, 110 N. Y. Supp. 887; Palmieri v. Pearson & Son, 128 App. Div. 231, 112 N. Y. Supp. 684. The appellant's argument that a substantial compliance with the statute is all that it necessary was considered and decided adversely to his contention in Barry v. Derby Desk Co., and Bovi v. Hess, supra. The defendant contends that the notice would have been amply sufficient if it had merely stated that the plaintiff was struck and injured by the defendant's train and cars. Such statement is the result of the negligent cause which produced the injury, and not the cause itself. The cause in the case at bar was correctly stated, by the learned counsel in the trial court, to have been the starting of the switch train which ran over the plaintiff without giving him a signal or warning. Had the notice stated that the cause of his injury was the negligence of the defendant and its agent superintending the work in starting its switch train without signal or warning as a result of which it ran over and injured plaintiff, it would have been sufficient within the case of O'Donnell v. Parker Co., 125 App. Div. 475, 109 N. Y. Supp. 875, which is cited to sustain the proposition, but there is nothing in the notice served advising the defendant of the manner in which the accident happened, or in what manner its agent, charged with the duty of superintendence, had been negligent or failed in the duties he was charged to perform. There is nothing in the notice apprising the defendant that the accident was caused by the starting of its train without signal or warning, which was required to enable defendant to make an intelligent investigation to determine whether any act of its superintendent had rendered it liable and to preserve the evidence necessary to a proper defense, and in all· these respects it is insufficient within the rules declared in the cases cited. The plaintiff further contends that the trial court erred in refusing to permit him to proceed with the trial, and to produce evidence showing that there was no intention to mislead, and that the defendant was not misled in fact by the notice given. The defect in the notice could not be obviated by the evidence suggested. Where, as in this case, there is an entire omission to state in the notice the cause of the injury, the

defect is fatal to a recovery, and cannot be obviated. Finnigan v. N. Y. Contracting Co., supra; Glynn v. N. Y. C. & H. R. R. R. Co., supra; Palmieri v. Pearson & Son, supra. It is only where the person injured has stated in his notice the cause of his injury inaccurately that proof upon the trial that there was no intention to mislead, and that the person entitled to notice was not in fact misled, obviates the insufficiency of the notice, and the rule invoked has no application to a notice which wholly omits to state the facts constituting the cause of the injury. Had the action been based wholly upon the statute, the judgment and order appealed from would have to be affirmed; but as a cause of action, good at common law, is alleged, the plaintiff was entitled to make his proof in support thereof, and the dismissal of his complaint was error.

Judgment and order reversed and a new trial granted, costs to abide the event.