ant. It should not leave material in its right of way which is apt to take fire from its engines.

But the learned trial judge erred in finally yielding to the persistent efforts of the plaintiff's counsel to prove previous fires on lands of different persons along the defendant's right of way in the neighborhood of the plaintiff. A considerable number of such fires earlier in the year and during several previous years was proved by the plaintiff. This evidence was harmful to the defendant, for it suggested the inference that the defendant caused the said fires, although there was no evidence to exclude other causes, and it may be that some of them were not caused by the defendant. The forest, fish, and game law (Laws 1900, p. 66, c. 20) requires that every railroad company shall twice a year cut and remove from its right of way passing through "forest lands, or lands subject to fires from any cause," "all grass, brush and other inflammable materials," under a prescribed penalty (section 228). This evidence was pressed upon and admitted by the court as showing that the lands were "subject to fires," and that therefore the defendant violated the statute in not clearing its right of way every six months. The land of the plaintiff which was burned over was, like that in the neighborhood, partly woodland, but not a forest. That word has a large and significant, not an insignificant, meaning. It is not necessary to show that there have been fires on land to show that it is "subject to fires." The kind of growth and material on it determines that. Although it was indisputable that the land of the plaintiff and that in his neighborhood was liable to take fire, and counsel for the defendant admitted that to be so, this evidence was nevertheless pressed in ostensibly to prove that fact. We cannot regard it as harmless. It would naturally affect any mind unfavorably to the defendant, and may well have affected the minds of intelligent and fit jurymen in that way, however unconsciously. The cases cited by the plaintiff's counsel have nothing to do with the admission of such evidence, but only with the admission of evidence of the general flying of live coals and cinders from the defendant's engines, as showing that a proper spark arrester was not used, and to show that such coals and cinders flew far enough to reach the plaintiff's premises. Sheldon v. H. R. R. Co., 14 N. Y. 218, 67 Am. Dec. 155; Crist v. Erie R. Co., 58 N. Y. 638; Jacobs v. N. Y. C. & H. R. R. Co., 107 App. Div. 134, 94 N. Y. Supp. 954.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.

---

### YOUNG v. BRADLEY & SON.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. MASTER AND SERVANT (§ 287*)—INJURY TO SERVANT—NEGLIGENCE—SUPERINTENDENCE—EVIDENCE—QUESTION FOR JURY.

In an action for injuries to an employé while standing on a beam supporting a track on which a traveling crane ran, in consequence of a co-employé starting the crane, evidence held to require the submission to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jury of the issue of negligent act of superintendence, within Employer's Liability Act (Laws 1902, p. 1748, c. 600).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1064; Dec. Dig. § 287.*]

2. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NOTICE OF INJURY.

A notice of injury stated that the employé had sustained an injury because of the failure to furnish a safe place in which to work, a proper scaffold, and safe appliances, and because of the failure to exercise reasonable care and to furnish competent fellow servants. The superintendent testified that, immediately after the accident, he made an investigation and reported the circumstances to the employer. *Held*, that though a general statement of negligence is not a mere inaccuracy which may be obviated by the proof as specified in Employer's Liability Act (Laws 1902, p. 1748, c. 600), providing that no notice shall be insufficient when the party entitled to notice was not misled, the defects in the notice could be obviated by the evidence, which showed that the employer was not misled.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Appeal from Trial Term, Queens County.

Action by Louis Young against William Bradley & Son. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

John C. Robinson, for appellant.
Gregg, O'Leary, Frank & De Witt, for respondent.

MILLER, J. The defendant was engaged in the construction of, and the installation of machinery in, five connected stone buildings or sheds. The accident happened in a span 40 feet wide and 450 feet long, along either side of which, 25 feet from the floor, was a beam, 8 to 10 inches wide, supporting a track upon which a traveling crane was run. The plaintiff was directed by his foreman, who had the superintendence of the carpenters to put in some window frames. He wanted to construct a scaffold upon which to stand, but was told by said foreman to stand upon said beam. While he was thus engaged at the work, another workman, engaged in some other work, started the crane and caused it to run over the plaintiff's foot, inflicting the injury for which he has recovered in this action. The defendant's superintendent, Stone, testified:

"They (meaning the carpenters) had used the runway. We had a rule there that the runway was not to be used except by my permission unless it was work that they did not consider dangerous. We considered we could hang windows without going on the rail. If we were doing work that necessitated standing on the runway, they got permission from me, and I had the current shut off."

It thus plainly appears to have been assumed by those in charge of the work that a man doing the plaintiff's work could stand upon a 10-inch beam without being in any danger of being injured by the crane, moving along and upon it, and hence no precaution was taken by the foreman, when he directed the plaintiff to stand upon the beam,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to see that the electricity was turned off, and none was taken by the superintendent to see that the carpenters, standing upon these beams, were protected, although he knew that the beam was used as a scaffold by the carpenters in putting in the window frames, and although he and the foreman must have known that the crane was liable to be moved at any time if the electricity was not turned off, for it appears that any of the workmen could use the crane. Hence I think the evidence justified the submission of the case to the jury as one to recover for a negligent act of superintendence within the meaning of the employer's liability act, and the case was submitted to the jury on that theory. This was excepted to, and the judgment is challenged for the insufficiency of the notice.

If the exception was well taken, the judgment must be reversed, irrespective of whether there was evidence tending to establish the negligence of the master for failure to furnish a safe place, because it does not necessarily follow that, if there was a negligent omission of duty on the part of the superintendent, there was a negligent omission of the common-law duty of the master to furnish a safe place.

The notice is as follows:

"Long Island City, N. Y., January 24, 1907.

"Wm. Bradley & Son, 277 Broadway, New York—Gentlemen: Please take notice, that I have a claim against you for personal injuries sustained by me on the 3d day of January, 1907, while in your employ at your factory on Vernon avenue, Long Island City, by reason of your failure to furnish me with a safe and proper place in which to do the work which I was engaged to do by you, in that there was no proper platform or scaffold furnished from which to do the work; and in failing to furnish proper, safe and suitable appliances with which to work; in failing to exercise reasonable diligence, care and prudence in the premises; and in failing to furnish competent fellow servants.

"Respectfully yours,                    Louis Young,
          "By Gregg, O'Leary, Frank & De Witt, Attorneys.
"62–68 Jackson Avenue, Long Island City, N. Y."

Eliminating the general statements of negligence (Palmieri v. S. Pearson & Son, 128 App. Div. 231, 112 N. Y. Supp. 684, and cases cited), we find that it is stated that the plaintiff's injuries were due to the master's failure to furnish a "proper platform or scaffold." While that was not an accurate statement of the specific cause of the injury, it was an attempt to state a specific cause. The injury was in fact caused by the crane running over the plaintiff's foot. The one who prepared the notice evidently had in mind that the beam was not safe for use as a scaffold in view of the danger from the traveling crane, which might be used at any time, unless some precaution was taken to guard against it, and so stated that the injury was caused by the improper platform or scaffold. It must be granted that the notice did not comply with the statute, and the question is presented whether the defect was an inaccuracy which could be obviated by proof that there was no intention to mislead, and that the defendant was not in fact misled. The statute provides:

"But no notice under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury, if it be shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby."

While a general statement of negligence is not a mere inaccuracy which may be obviated by the proof specified in the statute (Palmieri v. S. Pearson & Son, 128 App. Div. 231, 112 N. Y. Supp. 684; Finnigan v. N. Y. Contracting Co., 122 App. Div. 712, 107 N. Y. Supp. 855), the statement in this case, though quite general, is sufficiently specific, it seems to me, to be eked out by such proof. The defendant's superintendent testified that, immediately after the accident, he made an investigation and reported to the defendant the circumstances of the accident. To be sure, he does not state what he learned, or what he reported, but it would be taxing credulity too much to assume that he did not learn what happened. There can be no doubt that the defendant had all of the information that a definite and specific statement could have given it, and, while the plaintiff is not entitled to recover under the employer's liability act (Laws 1902, p. 1748, c. 600), except he give the notice required by the act, it seems to me that it would be altogether too technical to hold, in view of the language of the statute, that the defects in the notice in this case could not be obviated by the undisputed proof that the defendant was not misled.

Judgment and order affirmed, with costs.

JENKS, and HOOKER, JJ., concur, and separate opinion by RICH, J., with whom WOODWARD, J., concurs.

RICH, J. The complaint alleges facts, separately stated and numbered, constituting a cause of action for a personal injury, first, under the common law, and, second, under the employer's liability act. This is permissible. Mulligan v. Erie R. R. Co., 99 App. Div. 499, 91 N. Y. Supp. 60; Kleps v. Bristol Mfg. Co., 107 App. Div. 488, 95 N. Y. Supp. 337; Acardo v. N. Y. Contracting Co., 116 App. Div. 793, 102 N. Y. Supp. 7. The notice served, however, was insufficient; it not stating the cause of the injury. Miller v. Solvay Process Co., 109 App. Div. 135, 95 N. Y. Supp. 1020; Barry v. Derby Desk Co., 121 App. Div. 810, 106 N. Y. Supp. 575; Finnigan v. N. Y. Contracting Co., 122 App. Div. 712, 107 N. Y. Supp. 855; Glynn v. N. Y. C. & H. R. R. R. Co., 125 App. Div. 186, 109 N. Y. Supp. 103; Kennedy v. N. Y. Telephone Co., 125 App. Div. 846, 110 N. Y. Supp. 887; Bovi v. Hess, 123 App. Div 389, 107 N. Y. Supp. 1001. The learned justice presiding at the trial submitted to the jury the question of whether there was any intent to mislead the defendant in the notice served, and also whether the defendant was in fact misled, charging them that if they found "that there was no intent to mislead," and "that the defendant was not misled," the notice was sufficient. To bring the case at bar within the rule established in Hughes v. Russell, 104 App. Div. 144, 93 N. Y. Supp. 307, that the insufficiency of such a notice might be obviated by proof, under the statute, that there was no intention to mislead, and that the party entitled to notice was not in fact misled, such proof must be found in the record, and in its absence the trial court was not justified in submitting the questions to the jury. The only evidence of that character in the case at bar was given by the witness Stone, defendant's general superintendent, that there was a rule of the company requiring an investigation and report

of every accident, and that immediately after the accident he did make an investigation and report. He did not see the accident, and it does not appear that he knew how it occurred, or that he had any knowledge of the true cause of the injury, except through a presumption flowing from the fact that he made an investigation.

I do not think the notice in the case at bar presents merely an inaccuracy which can be overcome by proof of no intention to mislead, and that the defendant was not misled (Hughes v. Russell, supra), but rather that the case presented is within the principle decided in Finnigan v. N. Y. Contracting Co., supra, and Glynn v. N. Y. C. & H. R. R. R. Co., supra. There can be no question but that there must be some evidence that the defendant had actual knowledge of the true cause of the injury, and that there was no intention on the part of the plaintiff, in the wording of his notice, to mislead. There is no such evidence in the record before us. This error does not, however, require a reversal, as the plaintiff made out a cause of action under the first subdivision of his complaint, upon defendant's common-law liability. This cause of action did not rest upon the negligence of plaintiff's fellow servant Stewart, who started the crane, but is predicated upon the proposition that the defendant was negligent because of its failure to discharge its legal duty and obligation to use due care in providing him with a safe place in which to do his work, and in failing to provide reasonable safeguards. The jury were charged that they could not find a verdict for the plaintiff based simply upon the fact that Stewart was careless in moving the crane, but that before such a verdict was warranted they must find from the evidence that the place furnished by the defendant to the plaintiff to do his work was unsafe in fact, and that the negligence of the defendant made it so.

The jury have resolved the questions in favor of the plaintiff, and the judgment and order must be affirmed, with costs.