(163 App. Div. 209)

### POCKRASS v. KAPLAN.

(Supreme Court, Appellate Division, Second Department. June 12, 1914.)

1. APPEAL AND ERROR (§ 930*)—REVIEW—PRESUMPTIONS.

Where a verdict is general, the Appellate Court cannot assume that the jury did not find against defendant on any of the grounds of liability submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. § 930.*]

2. MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—ACTIONS—EVIDENCE —SUFFICIENCY.

In an action for the wrongful death of a servant hit by a board thrown by a saw, the guard of which had been removed for the work which could not otherwise be performed, evidence *held* insufficient to show that the master was negligent in failing to discover the absence of the guard and cause it to be replaced.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

3. MASTER AND SERVANT (§ 121*)—INJURIES TO SERVANT—DUTY TO GUARD MACHINERY.

The statute, requiring the guarding of dangerous machinery and the prompt replacing of guards removed for repairs, being in the furtherance of the common-law obligation of a master to provide his servants with a safe place, does not require a master to see that a guard, removed for the doing of certain work, is promptly or immediately replaced, but merely requires him to use ordinary care to see that the guard is replaced.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231; Dec. Dig. § 121.*]

Appeal from Trial Term, Kings County.

Action by Annie Pockrass, as administratrix, etc., of Jacob Pockrass, against Louis Kaplan, etc. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed and remanded.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

E. Clyde Sherwood, of New York City, for appellant.

Thomas J. O'Neill, of New York City, for respondent.

JENKS, P. J. This opinion should be read serially with our opinion handed down when we granted the new trial herein. 154 App. Div. 707, 139 N. Y. Supp. 398. Upon that trial the defendant again lost the verdict, and again appeals. The learned trial court submitted the case to the jury upon two propositions, of which I shall discuss only

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that which related to the guarding of the saw. The defendant contended that he had provided a guard, but that it was necessary to remove it temporarily when certain work was doing; that his employé Anderson had removed the guard for that purpose a brief time before defendant's employé Padone came to the doing of the work during which the casualty occurred. Padone's work, unlike that of Anderson, did not require the removal of the guard. Upon this phase of the case the learned court instructed the jury that it was the nondelegable duty of the defendant to replace the guard, but that if it had been removed without his direction or knowledge, he was entitled to a reasonable time, determined by all of the facts and circumstances, in which he or his representative in the exercise of reasonable care could have discovered the absence of the guard, and could have replaced it. This instruction was in conformity to our said former opinion.

[1, 2] As the verdict is general, we cannot assume that the jury did not cast liability upon the defendant upon this proposition. Therefore the question is presented whether the proof upon this proposition was sufficient to support the verdict. There is no proof that the defendant or his representative had actual knowledge that Anderson had removed the guard, or had finished his work without replacing it, or that Padone went about his work without replacing the guard. The evidence indicates that the period of time during which the guard was off the saw improperly was 15 minutes. But it is insisted that there were other circumstances which were germane to this question of imputed knowledge. And the learned court in its charge directed the attention of the jury to them. It said that the defendant was "there," near the stairway and in propinquity to the machine; that he knew that on former occasions Padone had left the guard off the machine; that the defendant had thereupon directed Padone to replace the guard; and that, on one or more prior occasions, a sound had been heard from a piece of wood dropping on the exposed saw blade, conveying the intelligence that the saw was uncovered. The learned court summed up the proposition as follows:

"With his [referring to the defendant] propinquity, as I said before, with his nearness to this machine, with his knowledge of what Padone had done on previous occasions in leaving the guard off and still operating the machine, with his knowledge that he had told Padone to put the guard back, as Anderson said, on at least two occasions, you are to say whether or not this guard was off such a period of time, and under all the circumstances, as should have charged this defendant Kaplan with personal notice that the machine was in danger at that time of inflicting injury upon some one lawfully in that shop and in his employ unless the guard was replaced."

The room of the building was 56 feet 6 inches long. The saw table was at one end thereof. There was a partition therein of 14 feet, so that but 42 clear feet constituted the one room. The plaintiff's witness Pitalnikow testifies that the defendant was not there every day, but came in very often; and that at the time of this casualty the defendant "came along." There is no question that the defendant was in the room of 56 feet at the time. But, on the one hand, there is no proof that he was in such a position or place therein that if he had looked he must have observed that Padone was actually using the saw

without the guard, and there is no proof that from the nature of things he must have known of such use by Padone. The foreman of this floor was upon another floor of the shop at the time. The defendant testifies that he was at the foot of the stairs, facing them, and fronted by the partition; that he could not see the machine; that his attention was first attracted to the casualty by the different sound—the piece of wood flying—and that he saw the piece of wood come hurtling through the air and strike plaintiff's intestate, to whom he ran and whom he caught before the intestate fell. There is no proof of any condition that attended the use of the saw without a guard which would have apprised any one thereof prior to the casting off of the flying missile. I think that it was not the duty of the defendant to keep constant watch over the saw, even when he was in this room, to see that the guard was upon it, and even if he knew that Padone on some past occasions had used the saw without the guard. On the former appeal we held that the court erred in refusing the instruction that the absence of the guard for half an hour would not necessarily place the defendant on notice. I now think that the interval during which the machine was unguarded, even when marked by the surrounding circumstances, was not sufficient to charge the defendant with negligence in this respect. See upon the general proposition Hughes v. Russell, 104 App. Div. 144, 93 N. Y. Supp. 307; Huscher v. N. Y. & Q. E. L. & P. Co., 158 App. Div. 422–428, 143 N. Y. Supp. 639; Idel v. Mitchell, 158 N. Y. 134, 52 N. E. 740.

[3] In the main charge the learned court said that a reasonable interpretation of the statute was that the guard had to be removed for the purpose of allowing the machine to be used, but that it had to be "promptly replaced," that this was the nondelegable duty of the defendant, and that it was a question for the jury to say whether the failure to "promptly" replace this guard was to be attributed to the personal negligence of the defendant. If "promptly" is convertible with "at once," "immediately," then of course it is not equivalent to the expression "a reasonable time." Lewis v. Hojer (Com. Pl.) 16 N. Y. Supp. 534, and cases cited; City of Denver v. Moewes, 15 Colo. App. 28, 60 Pac. 986. Probably the learned court used the adverb "promptly" mindful of section 81 of the Labor Law (Consol. Laws, c. 31), which requires that a guard shall be "promptly replaced." But there is a distinction to be made between the removal of the guard for the sake of repair and for the doing of certain work which could not be done otherwise. The general purpose of the statute is furtherance of the common-law obligation of safe place. Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 403, 56 N. E. 897; Freeman v. Glens Falls Paper Mill Co., 70 Hun, 530, 24 N. Y. Supp. 403, affirmed 142 N. Y. 639, 37 N. E. 567; Travis v. Haan, 119 App. Div. 138, 103 N. Y. Supp. 973. The measure of the common-law obligation is due care. This involves the element of reasonable time. A provision of the statute prescribes the requirement of prompt replacement. But such requirement is expressly limited to removals for repair. I think that the requirement should not be extended to removals when made necessarily for the doing of certain work, as in this case. There is to my

mind a manifest difference between removals for repair and the removals for work, which may justify this requirement of the statute. It is but natural that the master should have knowledge of the fact of a repair, and a removal of the guard therefor, but not that he should have knowledge of every removal for the doing of a certain kind of work. I think that the rule was stated correctly in our former opinion, that this defendant, when ignorant of the removal, was entitled to the benefit of a "reasonable time" as involved in the proposition of due care, and was not required to see that the guard was replaced forthwith, or "promptly" or immediately. See Labatt on Master and Servant (2d Ed.) vol. 5, § 1644. This discussion is not essential to the disposition of this appeal, for, as I have said, the learned court subsequently charged the jury correctly upon this feature of the case.

I advise that the judgment and order be reversed, and that a new trial be granted, costs to abide the event. All concur.