### BOVI v. HESS et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT — NOTICE OF INJURY — SUFFICIENCY.

A notice of injury to an employé by a letter reciting that, while at work in the employer's factory, he was injured through the negligence of a foreman, and requesting a life position, is insufficient under the employer's liability act (Laws 1902, p. 1748, c. 600), providing that no action for injury shall be maintained, unless notice of the time, place, and cause of the injury is given.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

2. SAME—"SUPERINTENDENT."

An employé operating a machine with the assistance of other employés, with incidental power to supervise the work of his assistants, but without authority to exercise superintendence conferred on another, is not a superintendent within the employer's liability act (Laws 1902, p. 1748, c. 600), making an employer liable for injury to an employé caused by the negligence of any person in the service of the employer intrusted with superintendence; a "superintendent" being one whose principal duty is that of superintendence, and mere incidental authority to exercise a minor supervision over others is not sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 422–448.

For other definitions, see Words and Phrases, vol. 7, pp. 6792–6793.]

3. SAME—FELLOW SERVANTS.

An employé operating a machine with the assistance of co-employés, with incidental authority to supervise the work of the assistants, is a fellow servant with the assistants, and the employer is not liable for injuries to the assistants resulting from the employé's negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 486–492.

For other definitions, see Words and Phrases, vol. 3, pp. 2716–2730; vol. 8, p. 7662.]

4. SAME—FAILURE TO WARN EMPLOYÉ—NEGLIGENCE.

Where the danger of injury to an employé is obvious, the failure of the employer to instruct as to the danger is not negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 310–316½.]

Appeal from Trial Term.

Action by Joseph Bovi against Max Hess and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and HOUGHTON, Mc-
LAUGHLIN, SCOTT, and LAMBERT, JJ.

Frank V. Johnson, for appellants.
Martin T. Manton, for respondent.

LAMBERT, J. The plaintiff brings this action to recover dam-
ages of his employer for personal injuries sustained while engaged in
cleaning out a certain mixing machine used in the defendants' confec-
tionery factory. The action was commenced by the service of a sum-
mons and complaint on the 12th day of November, 1903. In the com-
plaint served at that time there was no suggestion of any liability un-
der the provisions of the employer's liability act (Laws 1902, p. 1748, c.
600); but shortly before the case came on for trial plaintiff secured a
change of attorneys, and an amended complaint was served, in which
it was alleged, in addition to the common-law averments in the orig-
inal complaint, that the injuries were "caused by reason of certain de-
fects in the condition of the ways, works, and machinery connected
with and used in the business of the defendants which arose from and
had not been discovered or remedied, owing to the neglect of the de-
fendants or of some person in their service and intrusted by them to
see that the ways, works, and machinery were in proper condition,
and by reason of the neglect of some person in the service of the de-
fendants, intrusted with the exercise of superintendency, whose sole
or principal duty was that of superintendent, or of some person acting
as superintendent with the authority and consent of the defendants,
and also by reason of the carelessness and negligence, faults and omis-
sions of the defendants, their servants, and employés." It was then
averred that "heretofore, and on or about the 25th day of October,
1903, plaintiff served upon the defendants a notice in writing stating
the time, place, and cause of the accident."

The purpose of the pleader was to bring his action within the provi-
sions of the employer's liability act, and this was the theory on which
the case was submitted to the jury, although the pleadings were broad
enough to state a cause of action at common law, and there were some
suggestions in the charge to the jury which would indicate that the
learned court recognized that there was room for finding a verdict
under the common-law duty of the master to give proper instructions
to a green hand in the operation of the machine which produced the
injury. It is important at the outset to determine whether the plain-
tiff has fulfilled the requirements of the statute in reference to employ-
er's liability for the negligence of one intrusted with superintendence;
for upon this must depend in a large measure the disposition to be
made of this case on appeal. Chapter 600, p. 1748, Laws 1902, is en-
titled, "An act to extend and regulate the liability of employers," and,
while the title is not controlling, it is important to be kept in mind in
construing the statute. It is "to extend * * * the liability of em-
ployers"; it is to enlarge the common-law obligations of those who
become employers, and under well-established rules a change in the
common law, taking away rights, is to be strictly construed. It may
be said that it gives rights to the employé, and is therefore to be lib-
erally construed to effect that result; but, where it is necessary to

take from one man to give to another, it would seem that the common law, the growth of ages of careful development of the rights of man, should not be changed farther than is required to meet the letter of the statute. Section 1 of the act provides in its second subdivision that if the accident is due to "the negligence of any person in the service of the employer entrusted with and exercising superintendence whose sole or principal duty is that of superintendence, or in the absence of such superintendent, of any person acting as superintendent with the authority or consent of such employer," he shall have the same rights as though he were not an employé. This is clearly imposing a burden upon employers in addition to those recognized by the common law, and the Legislature in giving this additional right of action imposed a condition precedent which it is the duty of courts to preserve in its integrity. The provision is that no "action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place, and cause of the injury is given to the employer within one hundred and twenty days and the action is commenced within one year after the occurrence of the accident causing the injury or death. The notice required by this section shall be in writing and signed by the person injured, or by some one in his behalf," etc. It will be noticed the limitation of time within which the action may be brought under the act is fixed at one year, while in the action authorized by section 1902 of the Code of Civil Procedure the limitation is two years, and the general limitation in actions of this character is fixed by section 383 of the Code of Civil Procedure at three years; thus indicating that the Legislature did not intend to merge this action with the common-law right of action, and that persons who sought to charge employers with liability beyond the scope of the common law must act promptly, that the rights of employers might be conserved and their liabilities kept within bounds. The necessity of such a rule is made manifest in the case now before us, where the person who is alleged to have produced the injury, and who is claimed to have been the superintendent, has gone without the jurisdiction, and his whereabouts is unknown, thus exposing the defendants to the danger of being called upon to answer for a negligence which might be disproved if the witness could be found.

What has the plaintiff done toward complying with this provision requiring notice of the time, place, and cause of the injury? No such written notice, and no copy of such notice, is contained in the record. Both of the defendants, who were in a position to know, testify without qualification that they never received any such notice, and the plaintiff's case rests upon the testimony of one Caridi, who was permitted to state the contents of a letter alleged to have been written by him, at the request of the plaintiff, three years before. According to this witness he wrote a letter about as follows:

"Dear Sir: While working on the 20th of September, 1903, in your factory, being in the employ of your factory, and working at the mixing machine, I was injured, and through the injury I had sufferings and an operation at the hospital, where they took my finger off. Therefore I ask for a life position where I can earn an honest living."

Under leading questions the witness said that in this letter (which was not addressed to either of the defendants individually, but to Hess Bros.) stated that while he, plaintiff, was working under this employment, "he was hurted with a mixing machine, or something of that kind, while working at it, and the blame was of the foreman. Therefore he asked them for a life position, without going to any more trouble, something on this subject. That is the best of my recollection." Clearly the plaintiff did not write this letter for the purpose of giving the notice required by the statute, but for the purpose of asking for a position. There is no statement in the letter, as given, which tells the place where the accident occurred, except that it was stated to be in the defendants' factory, and, perhaps, that it was located on West Thirtieth street, wherever that might be. The defendants may have had a dozen factories, and the notice that "the blame was of the foreman" was not a notice of the cause of the injury through the negligent act of a person "intrusted with and exercising superintendence, whose sole or principal duty is that of superintendence." "Cause," in the sense it is used in the statute, does not mean the conclusion of the injured person, but a statement of the facts out of which the injury arose. "Cause" is that which produces or effects a result; that from which anything proceeds, and without which it would not exist. 5 Am. & Eng. Ency. of Law, 773. The fair intent of the statute is that the person giving the notice required as a condition precedent to the maintenance of the action shall state the facts showing the cause of the injury, not his conclusion as to who was to blame for the same; and, while it would not be reasonable to require that this notice should have all the technical accuracy of good pleading, we are persuaded that no one would think of holding, under ordinary circumstances, that a man had notice of the cause of an accident from anything that is alleged to have been stated in this letter. The statute itself provides that:

"No notice under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury if it be shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby."

But this does not go to the extent of nullifying the requirement that the notice shall give the cause of the injury, which clearly means something more than the vague suggestion that "the blame was of the foreman." The notice should, to comply with the statute, at least give some idea of how the foreman was to blame, if we may assume that the negligence of a foreman would be equivalent to the negligence of the superintendent described in the statute. It should tell, in some way, how the accident happened, what was done, who did it, and the result, that the employer may determine his liability and preserve the evidence necessary to the proper defense, if he have a defense. This court, in considering a notice less open to criticism than the one now under review, say that:

"It must be regarded as now well settled that a notice to constitute the basis for an action under the employer's liability act must fairly apprise the employer that the claim is made under the statute, and point out the negligence from which the injury arose. The notice in question gave the defendant no information with respect to the manner in which the plaintiff sustained the injury."

This case, with its sustaining authorities cited, seems to us conclusive of the question involved, in so far as the notice is concerned. There was no evidence of the service of such a notice as the statute requires, and, as the case was submitted to the jury upon the theory that it might find that there was a cause of action under the employer's liability act, the verdict cannot stand. The court said to plaintiff's counsel:

"You have made out no common-law liability in my opinion."

And, upon counsel objecting to special findings, the court said:

"We will go to the jury then, and I will exercise my discretion."

The defendant excepted to the denial of his motion to dismiss, upon the ground, among others, that "the proof is insufficient to establish a cause of action within the provisions of the employer's liability act; that no sufficient proof of service of the notice required under that act has been adduced," and to the determination of the court to submit the case to the jury at all, so that the question was fairly up for review, and to now say that there was a common-law cause of action proved and found by the jury, when the only question left open to that body was the liability of the defendants under the employer's liability act, would be to permit the defendants, in effect, to be deprived of their property without the benefit of a trial by jury, for that body could not have had that issue under consideration.

The suggestion of counsel, on the authority of Sheehy v. City, 160 N. Y. 139, 54 N. E. 749, that a substantial compliance with the statute, requiring notice, is sufficient, would be pertinent if this was an action in which the Legislature had attempted to limit the common-law rights of the plaintiff by requiring a notice as a condition precedent to the assertion of a common-law right. In such a case it is proper to give the plaintiff the benefit of a liberal construction, but where the plaintiff's rights have been enlarged on condition that he shall comply with certain regulations prescribed by the statute, and the rights of the defendant must have been encroached upon, there is no occasion for such a concession, and the books are full of cases in which the requirement even of these limiting statutes that notice of the cause shall be given is not satisfied without telling the facts substantially as they have occurred.

The judgment and order appealed from should be reversed.

McLAUGHLIN, J. (concurring). I concur in the opinion of Mr. Justice LAMBERT in so far as he holds that the notice claimed to have been served by the plaintiff was defective and wholly insufficient to enable him to maintain the action under the employer's liability act. Chapter 600, p. 1748, Laws 1902.

I am also of the opinion that, even if it be held that the notice was sufficient, then the evidence did not establish that the plaintiff's injury was caused "by reason of the negligence of any person in the service of the employer entrusted with and exercising superintendence whose sole or principal duty is that of superintendence." Sommers, the person whose negligent act is alleged to have caused the accident, was em-

ployed by the defendants, not as a superintendent, but as a servant. His duties were to operate the machine called the "dough mixer" and rollers used in the manufacture of lozenges, with the assistance of three or four other employés, among whom was the plaintiff. He had nothing whatever to do with the other workmen in the factory, and had no authority to employ or discharge men working with him. The defendants at the time did have in their employ a superintendent, one Hausrath, whose sole or principal duty was superintending or supervising the work of other employés. Hausrath was in the factory at the time the accident occurred, and was then engaged in the performance of his duties as superintendent. Sommers was in no sense a superintendent. He was engaged in the defendants' business, together with other employés, with incidental authority to supervise the work of his assistants, one of whom was the plaintiff. A superintendent, within the meaning of the employer's liability act, must be one "whose sole or principal duty is that of superintendence"; and mere incidental authority to exercise some minor supervision over others is not enough to render the employer liable under the act. McConnell v. Morse I. W. & D. D. Co., 187 N. Y. 341, 80 N. E. 190, 10 L. R. A. (N. S.) 419; Abrahamson v. General Supply & Construction Co., 112 App. Div. 318, 98 N. Y. Supp. 596; Quinlan v. Lackawanna Steel Co., 107 App. Div. 176, 94 N. Y. Supp. 942; Hughes v. Russell, 104 App. Div. 144, 93 N. Y. Supp. 307.

Nor do I think a cause of action was established at common law. Sommers was a co-servant of the plaintiff. They were both engaged in a common employment, which was the manufacture of candy, and for his negligence defendants were not liable. The fact that Sommers had been designated as the foreman of the persons working with him did not change this relation. Lynch v. Shanley Co., 112 App. Div. 305, 98 N. Y. Supp. 406; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905. The danger of injury in case the machine should be started while the plaintiff's hand was in a position where it could be caught by the knives of the mixing machine was so obvious and apparent that instruction was unnecessary. This being so, negligence could not be based on a failure to give instructions with reference to it. Crown v. Orr, 140 N. Y. 450, 35 N. E. 648; White v. Wittemann Lith. Co., 131 N. Y. 631, 30 N. E. 236.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellants to abide event.

Judgment and order reversed, and new trial ordered, costs to appellants to abide event. All concur.