BERTOLAMI v. UNITED ENGINEERING & CONTRACTING CO.

(Supreme Court, Appellate Division, First Department. April 24, 1908.)

MASTER AND SERVANT—PLEADING—ISSUES, PROOF, AND VARIANCE.

Where, in an action for the death of a servant, the complaint alleged that defendant was negligent in failing to furnish deceased with a safe place to work, in failing to reasonably safeguard the place, appliances, and apparatus used in connection with defendant's contracting operations, in failing to furnish deceased and said contracting operations with reasonably safe appliances, etc., with which to do the work, in knowingly retaining incompetent foremen and co-workmen to direct and assist deceased in the performance of his work, and in failing to enforce proper rules for the safety of deceased and his co-employés, a recovery could not be had on proof of negligence of defendant's foreman, in a detail of the work in causing the removal of an iron column upholding the roof of a tunnel while there still remained on one side of the column eight or ten feet of rock roof unsupported by timbering.

Appeal from Trial Term.

Action by Pasquelina Bertolami as administratrix, etc., against the United Engineering & Contracting Company. From a judgment for plaintiff, and from an order denying motion for new trial, defendant appeals. Reversed, and new trial granted.

For former report, see 105 N. Y. Supp. 90, 120 App. Div. 192.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Theron G. Strong, for appellant.
Thomas J. O'Neill, for respondent.

SCOTT, J. Defendant appeals from a judgment in plaintiff's favor for damages suffered by reason of the death of her intestate. The facts were very fully stated upon a former appeal. 120 App. Div. 192, 105 N. Y. Supp. 90. The action was brought under the employer's liability act (chapter 600, p. 1748, Laws 1902), and the question involved is whether or not the defendant's foreman was guilty of negligence in causing the removal of an iron column which upheld the roof of a tunnel, while there still remained on one side of the column eight or ten feet of rock roof unsupported by timbering. It was this question which was submitted to the jury and resolved in plaintiff's favor.

This was not, however, the negligence alleged in the complaint, which, after alleging that the death of plaintiff's intestate was caused solely by the negligence of defendant, as said intestate's master, pro-

ceeded to specify the negligent acts as follows: (1) That said defendant failed to furnish him with a safe place to work, and (2) failed to reasonably safeguard, inspect, and keep safe the place, appliances, and apparatus used in connection with said contracting operations, and (3) failed to furnish deceased and said contracting operations with reasonably safe appliances, apparatus, cable, ropes, wires, buckets, ways, works, and machinery with which to do said work, and (4) knowingly employed and retained incompetent foremen and co-workmen to guide, direct, and assist plaintiff's intestate in the performance of his work, and (5) failed to formulate, promulgate, and enforce proper rules and regulations for the safety of deceased and said co-employés. The plaintiff here sets forth five separate and distinct specifications of negligence, not one of which was proven, as the trial justice very properly held and charged.

If there was any negligence, and not a mere error of judgment, it was that of defendant's foreman in the manner in which he directed the prosecution of a detail of the work, and of such negligence there is no allegation in the complaint, and no one of the specifications of negligence quoted above can be fairly construed so as to cover the facts disclosed by the proofs.

It follows that the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.

LAUGHLIN, CLARKE, and HOUGHTON, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice SCOTT, as I think, if pleadings are to be at all considered on the trial of an action, where a plaintiff expressly alleges that the defendant is liable by reason of certain specified negligence, and fails to prove the negligence specified, he fails to sustain the cause of action alleged, and therefore is not entitled to recover. I am also of the opinion that, upon the facts as proved upon this trial, the finding that the defendant's superintendent was guilty of negligence was against the weight of evidence. The statement of counsel for the respondent that this court on the former appeal held that the evidence was sufficient to make out a cause of action under the employer's liability act (Laws 1902, p. 1748, c. 600) is based upon an obvious misapprehension of the decision of the court. What the court held was that there was clearly no action but for the employer's liability act, and that, considering the case under that act, there were such manifest errors in the charge to the jury that the judgment could not stand. We refrained from expressing any opinion as to whether upon the evidence before the court on the first trial the plaintiff was entitled to a verdict, as the evidence upon the new trial which was necessary might be so substantially different that the question presented on an appeal from a judgment upon the new trial would not be the same.

As stated upon the former appeal, there was no question of the defendant furnishing the plaintiff with a safe place to work under Citrone v. O'Rourke E. C. Co., 188 N. Y. 339, 80 N. E. 1092, and the only question presented was whether or not the evidence justified a

verdict that the defendant's foreman was guilty of negligence in directing the removal of this column, which supported the roof, and the removal of which caused the falling of the stone that struck the deceased. It seems to me that, as the undisputed evidence shows that the foreman examined the roof of the tunnel to determine whether or not it was safe to remove the column, and after consulting with the experienced workmen found, as he supposed, that the roof was safe, that a finding that the defendant's superintendent was negligent was not sustained by the evidence. The deceased was aware of the situation, had experience in work of this kind, and after the column was removed was engaged in inserting the timber to support the roof by driving wedges up against the rock, and while he was thus engaged the rock fell. I think the most that can be said is that there was an error of judgment as to the method of conducting the work in relation to the time when this column should be removed.

I therefore concur in the reversal of the judgment.