The following is the memorandum of the trial court referred to in the opinion:

The defendant says that plaintiff's verdict conflicts with the Cregan v. Marston Principle, 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854. If the clamp gave way because of improper adjustment, or because fastened with a defective bolt, and the bolts were constantly wearing out by use and being replaced by the servant from a furnished supply, or because of a defect arising from use which the plaintiff himself was supposed to notice and repair, or if the accident were caused by defective selected material in the putting together of a temporary appliance or lift, the master having furnished proper material and fastenings, then the verdict could not stand. But this is not all there is of this case, nor all the evidence bearing on this accident. The derrick or lift was a permanent structure or machine of the shop of which the clamp was a part. The bolt was not continuously replaced from a convenient supply because constantly wearing with use (at least the evidence does not satisfactorily show this). The defendant did not offer to show how long the defective bolt had been in the machine, or that any inspection ever existed, or that the bolt had ever been replaced by the men. This case comes within the distinction made by J. Adams in Yaw v. Whitmore, 46 App. Div. 424, 425, 61 N. Y. Supp. 731.

Motion for a new trial denied.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John C. Robinson, for appellant.
Magner & Carew, for respondent.

WOODWARD, J. The plaintiff was injured by reason of a defective clamp used in connection with a carrying crane in use by the defendant. There appears to be no question that the accident was due to the fact that a bolt used in fastening the clamps together was defective, and the defendant's appeal is based principally upon the proposition that, as the master had plenty of bolts on hand which might have been had, the fault lay with the employés in not making use of these bolts. But the fact is that the defect was in the machine or appliance used. It was not customary to change these bolts. They were used only as a part of the appliance, and it was the duty of the master to see that the appliance was reasonably safe. The distinction in the cases is pointed out in a memorandum by the learned trial court, and the judgment should be affirmed, without further discussion.

Judgment and order unanimously affirmed, with costs. All concur.

---

### CAMPBELL v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

1. APPEAL AND ERROR—PRESENTATION AND RESERVATION OF GROUNDS OF REVIEW—MATTERS NOT PRESENTED.

   The point that, as the complaint and notice of injury to an employé alleged a specific act of negligence by the superintendent, all question respecting his negligence was narrowed to the single act alleged, will not be considered when made for the first time on appeal.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1079, 1137, 1258.]

**2. SAME.**

Where, under the notice of injury to an employé and the complaint, the employé was entitled to go to the jury at least on the question whether the employer's rule requiring workmen who were obstructing the track to display a red flag was properly promulgated to the employé or those working with him, and the court submitted to the jury the question whether the accident was caused by the superintendent's negligence in failing to discharge his duty as superintendent to have a flag placed to give warning, to which no exception was taken, the employer, having acquiesced in the submission of such other question to the jury, cannot complain because the former was not submitted.

**3. MASTER AND SERVANT—INJURIES TO SERVANT—EMPLOYER'S LIABILITY ACT—
ACTS OF SUPERINTENDENCE.**

Failure of a superintendent to have a red flag placed as a warning that workmen were obstructing the track was a negligent omission to perform an act of superintendence.

**4. APPEAL AND ERROR—PRESENTATION AND RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.**

A party who takes no exception to the submission of a proposition to the jury is in no position to question it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1582–1595.]

Appeal from Trial Term, Kings County.

Action by James D. Campbell against the Long Island Railroad Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Frank V. Johnson (Knowlton Durham, on the brief), for appellant.
James C. Cropsey (J. Brownson Ker, on the brief), for respondent.

MILLER, J. This suit is brought by the plaintiff to recover damages for personal injuries alleged to have been caused by the negligence of his master, the defendant. The defendant appeals from a judgment and an order denying a motion for a new trial.

The plaintiff, an iron worker, was employed in the erection of a shed for baggage and express alongside of the defendant's tracks at Thirty-Fourth street, Long Island City. At the time of the accident he was engaged in fastening channel irons to the outer ends of brackets which projected out over one of the defendant's tracks which was used as a switch. The channel irons were about 15 feet long, and weighed from 200 to 300 pounds. They were lifted from the ground by means of a rope attached to either end. As the iron was lifted, men on the ground took up the slack. The plaintiff was sitting on one of the brackets, attempting to fasten an iron which had just been lifted into position, while two men on the ground had hold of the rope, when two cars were shunted onto the track, and, passing under the bracket, caught the rope attached to one end of the iron, and pulled it with the plaintiff to the ground. One of the men on the ground who had hold of the rope was the superintendent, one McMahon, who employed and discharged the men on this work, and directed the manner of its performance. A foreman was employed under him. There was testimony on behalf of the defendant tending to show that it had

adopted a rule requiring workmen who were obstructing the track for any purpose to display a red flag, and that, if such rule had been observed, the cars causing the accident would not have been shunted onto the track. There is some doubt, however, whether said rule plainly applied to the workmen with whom the plaintiff was employed, and there was also evidence on behalf of the plaintiff tending to show that, while such a rule was in force on other roads, it had not been promulgated to the plaintiff or the men employed with him. The trial court submitted to the jury the question whether McMahon was the superintendent of the men, and whether the accident was caused by his negligence in failing to discharge his duty as superintendent to have a flag placed to give warning. No exception was taken to the submission of that question, and the court charged the jury at the request of defendant's counsel that the defendant was not liable for the negligent handling of the rope by McMahon so as to allow it to be caught by the car, as that was a detail of the work.

The notice served under the employer's liability act (Laws 1902, p. 1748, c. 600), after specifying various grounds of negligence of the master, stated as follows:

"And also through the negligence and carelessness of the person employed by you, and who was intrusted with and actually did exercise superintendence over the work which I and other employés were doing, and whose sole or principal duty was that of superintending, in causing, permitting, and allowing a certain rope which was attached to iron that I was trying to put in place to become caught in or against certain cars that were being operated by your company near the place where I was working and through other negligent and careless acts of your company."

The allegations of negligence found in the complaint substantially followed the statements contained in the notice.

The point is now made for the first time that, as the complaint and notice alleged a specific act of negligence on the part of the superintendent, all question respecting his negligence was narrowed to the single negligent act stated. But it is unnecessary to consider this question, for the reason that it is nowhere raised, either by appropriate objection to the admission of evidence or by exceptions to the charge or requests to charge. I think that under the notice and complaint the plaintiff was entitled to go to the jury at least on the question whether the defendant's rule, assuming that it applied to the particular situation involved, was properly promulgated to the men. The defendant, however, acquiesced in the submission of another question to the jury, and cannot complain because that question was not submitted. It is plain that the said McMahon was a superintendent within the meaning of the statute. It is equally plain that the placing of a flag to give warning would have prevented the accident, as the switchman testified that he called to McMahon before giving the signal to kick the cars off, that McMahon said "all right," and that the witness then said "everything clear," and gave the signal.

The only question involved in the case, therefore, is whether it was the duty of the superintendent to see that the warning signal was placed. In other words: Was that an act of superintendence? That question was fairly submitted to the jury and they resolved it in

favor of the plaintiff. I think that within recent decisions of the Court of Appeals the failure to have the flag placed was a negligent omission to perform an act of superintendence. Harris v. Baltimore Machine & Elevator Works, 188 N. Y. 141, 80 N. E. 1028; Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725; McHugh v. Manhattan Ry. Co., 179 N. Y. 378, 72 N. E. 312; Gallagher v. Newman, 190 N. Y. 444, 83 N. E. 480. Indeed, the appellant does not seriously question that proposition, and is in no position to question it, having taken no exception to the submission of the question to the jury.

The other question raised does not require consideration, as it has already been passed upon by this court.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.