LOBASCO v. MOXIE NERVE FOOD CO.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—NOTICE OF INJURY—SUFFICIENCY.

In an action by a servant for injuries, a notice setting forth the time, place, and cause of the injury contains all that is required by Employer's Liability Act, Laws 1902, p. 1748, c. 600, and is sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where a servant employed in wrapping bottles filled with "Moxie" was injured by the bursting of a bottle before he had touched it and while it was in the place where it had been put for plaintiff to wrap, there was no contributory negligence.

3. SAME—QUESTION FOR JURY—ASSUMPTION OF RISK.

Where plaintiff was instructed by defendant's foreman, who employed him to wrap "Moxie" bottles after they were filled, and it appeared that bottles frequently burst after they were filled, and that on the day of the accident, after a bottle had burst, plaintiff told the foreman that they needed some protection against the flying glass, and the foreman said, "Go to work; we will have this fixed some time before the middle of next week," it could not be said as a matter of law that plaintiff assumed the risk.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1084, 1085.]

Appeal from Trial Term.

Action by Dominick Lobasco, an infant, by his guardian, against the Moxie Nerve Food Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Thomas J. O'Neill, for appellant.

I. R. Oeland, for respondent.

McLAUGHLIN, J. The plaintiff was an employé of the defendant, and engaged in wrapping bottles which were filled with a liquid called "Moxie." One of the bottles which had been furnished him to wrap burst, and a piece of the glass struck one of his eyes, destroying the sight. He brought this action to recover the damages sustained, on the ground that the defendants were negligent in not furnishing him a mask or other protection. The complaint was dismissed at the close of plaintiff's case, and he appeals.

Prior to the commencement of the action a notice was served under the employer's liability act (Laws 1902, p. 1748, c. 600), but which the learned justice at the trial held was insufficient upon which to predicate any liability. In this I think error was committed. The notice contains all that the statute requires. It sets forth the time, place, and cause of the injury. Finnigan v. New York Contracting Co., 122 App. Div. 712, 107 N. Y. Supp. 855; O'Donnell v. Parker Co. (decided by this court at the last April term, not yet officially reported) 109 N. Y. Supp. 875. The notice being good, the question of whether the plaintiff assumed the risk incident to the work in which he was engaged was, under the statute, for the jury. He could not be said to be guilty of contributory negligence, because he had not touched the bottle when it exploded. It was then in the place where it had been put by the defendant for him to wrap.

I also think that, independent of the employer's liability act and under the common law, the plaintiff, as a matter of law, could not be said to have assumed the risk incident to the work. The superintendent or foreman of the defendant hired the plaintiff and told him what to do, which was to wrap the bottles after they were filled. When the bottles were ready for filling they were taken out of hot water, filled, and a label put on each, and then passed to the plaintiff, who wrapped them preparatory to shipment. It appeared that bottles, after they had been filled, frequently burst, and, being under considerable pressure, when they burst, the glass would fly in different directions. On the day of the accident, and just before it occurred, a bottle exploded, and the plaintiff said to the foreman, who was then present, that they needed some protection against the flying glass, a mask for the face, or something of that kind, in response to which the foreman said: "Go to work. We will have this fixed up some time before the middle of next week." The plaintiff's testimony as to the frequency with which bottles burst, and the assurance of the foreman that the matter "would be fixed up some time before the middle of next week," was corroborated in some respects by at least two other witnesses.

The liability to injury without a proper protection for the face was apparent, and was appreciated, not only by the plaintiff, but by the foreman of defendant, because, when the plaintiff called his attention to it, he told him in effect to continue the work and they would make some provision to protect him against danger by the middle of next week. This, it seems to me, brings the case within the principle laid

down in Rice v. Eureka Paper Company, 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585. There the court said:

"The promise made, if not strictly the equivalent of a promise to repair at once, certainly seems to be capable of the construction that it was to be fulfilled within a reasonable time; and, if that is true, then the plaintiff was justified in remaining at his work, because, during that reasonable time, covered by defendant's promise, the risk theretofore voluntarily accepted by the plaintiff was assumed by the defendant."

Here the bottle exploded within a very few minutes after the foreman had told the plaintiff to continue in the work, and before any steps, so far as appears, had been taken to protect him against the very thing which caused the injury complained of.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.