BERTOLAMI v. UNITED ENGINEERING & CONTRACTING CO.

(Supreme Court, Appellate Division, First Department.   June 18, 1909.)

1. APPEAL AND ERROR (§ 1003*) — REVIEW — QUESTIONS OF FACT — WEIGHT OF EVIDENCE.

A verdict will not be disturbed on appeal as against the weight of the evidence, where such evidence presented fair questions of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

2. APPEAL AND ERROR (§ 295*)—QUESTION NOT RAISED BELOW—EXCESSIVENESS OF VERDICT.

A verdict cannot on appeal be set aside or reduced as excessive where the order denying the motion for a new trial, which was appealed from, does not show that the motion was made on the ground that the verdict was excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1704; Dec. Dig. § 295.*]

3. MASTER AND SERVANT (§ 252*) — STATUTORY LIABILITY FOR INJURY TO SERVANT—INSUFFICIENT NOTICE OF INJURY PRECEDENT TO ACTION.

If the notice of an injury which the employer's liability act (Laws 1902, p. 1748, c. 600) requires to be given to an employer as a condition precedent to an action therefor is insufficient, it cannot sustain a sufficient complaint.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

4. MASTER AND SERVANT (§ 252*)—STATUTORY LIABILITY FOR INJURY TO SERVANT—INSUFFICIENT NOTICE OF INJURY PRECEDENT TO ACTION.

A notice of an injury to an employé, required by the employer's liability act (Laws 1902, p. 1748, c. 600) to be given as a condition precedent to action therefor, was that on a specified date he received injuries resulting in his death, and that such injuries were received while working in connection with the Pennsylvania Terminal excavation on East Thirty-Third street, New York City, Manhattan, and that the injuries were caused solely by the employer's negligence, in failing to furnish him with a reasonably safe place to work, and in failing to reasonably safeguard, inspect, and keep safe the place, appliances, and apparatus used, and in failing to furnish reasonably safe appliances, apparatus, cables, ropes, wires, buckets, ways, works, and machinery with which to do said work, and knowingly employed and retained incompetent firemen and co-workmen to guide, direct, and assist him in the performance of his work, and failed to promulgate and enforce proper rules for the safety of deceased and his said co-employés, as a result of all which large quantities of rock and earth and a bucket were caused to fall on his body and injure and kill him. *Held*, that this did not show that the injury was caused by the negligence of a foreman engaged in an act of superintendence, which was the case relied on by the complaint, or point out a specific act or omission, or call attention to the particular place in the excavation on the street referred to, or the particular gang engaged therein, and suggest fault by any foreman or superintendent thereof, and hence was not sufficient under the statute, which requires that it shall state the time, place, and cause of the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Scott and Ingraham, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Pasqualina Bertolami, administratrix of George Bertolami, deceased, against the United Engineering & Contracting Com-

pany. From a judgment for plaintiff, and from an error denying a new trial, defendant appeals. Reversed.

See, also, 125 App. Div. 584, 109 N. Y. Supp. 1006.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theron G. Strong, for appellant.

Thomas J. O'Neill, of counsel (John J. Welsh, on the brief), for respondent.

CLARKE, J. This is the third time this case has been before this court on appeal by the defendant from a judgment entered upon a verdict for the plaintiff. This is an action to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant, and for a cause of action given by the Employer's Liability Act, c. 600, p. 1748, of the Laws of 1902. No action at the common law would lie upon the facts here presented. Upon the first appeal in 120 App. Div. 192, 105 N. Y. Supp. 90, the judgment was reversed for errors in the charge. Upon the second appeal (125 App. Div. 584, 109 N. Y. Supp. 1006), this court said that the complaint specified the negligent acts as follows:

"(1) That said defendant failed to furnish him with a safe place to work, and (2) failed to reasonably safeguard, inspect, and keep safe the place, appliances, and apparatus used in connection with said contracting operations, and (3) failed to furnish deceased and said contracting operations with reasonably safe appliances, apparatus, cable, ropes, wires, buckets, ways, works, and machinery with which to do said work, and (4) knowingly employed and retained incompetent foremen and workmen to guide, direct, and assist plaintiff's intestate in the performance of his work, and (5) failed to formulate, promulgate, and enforce proper rules and regulations for the safety of deceased and said co-employés. The plaintiff here sets forth five separate and distinct specifications of negligence, not one of which was proven, as the trial justice very properly held and charged. If there was any negligence, and not a mere error of judgment, it was that of defendant's foreman in the manner in which he directed the prosecution of a detail of the work, and of such negligence there is no allegation in the complaint; and no one of the specifications of negligence quoted above can be fairly construed so as to cover the facts disclosed by the proofs"—and the judgment was reversed.

Thereafter the plaintiff amended her complaint so as to allege as follows:

"And defendant was guilty of negligence in that it removed the iron post supporting the roof of the tunnel without first causing the said roof which was in a dangerous condition, to be supported, and the work of supporting the roof of said tunnel and the removal of said post was conducted by unsafe and dangerous methods, and that the defendant's employés then charged with and acting as superintendents negligently and carelessly conducted themselves in connection with said acts of superintendence, in that among other things they directed the removal of said post supporting the roof of the tunnel, without providing for the maintenance and support of the dangerous roof of said tunnel, and negligently directed the removal of the said supports at a time when the roof of said tunnel was insufficiently and improperly supported, as a result of all of which large quantities of rock and earth were caused and permitted to fall upon, injure, and kill plaintiff's intestate, as aforesaid."

The third trial came on under said amended complaint, and plaintiff offered the following notice as the notice given under the employer's liability act:

"Please take notice that on August 7, 1906, George Bertolami, deceased, then in your employ, received injuries to his body which resulted in his death, and that said injuries and death were received while working in connection with the contracting operation of the Pennsylvania Terminal excavation on East Thirty-Third street, New York City, Manhattan. That the injuries which caused the death of the said George Bertolami were caused without any negligence on his part in any wise contributing thereto, but solely by your negligence, as his master, in that you failed to furnish him with a reasonably safe place to work, and failed to reasonably safeguard, inspect, and keep safe the place, appliances, and apparatus used in connection with said contracting operation, and failed to furnish deceased and said contracting operation with reasonably safe appliances, apparatus, cables, ropes, wires, buckets, ways, works, and machinery with which to do said work, and knowingly employed and retained incompetent foremen and co-workmen to guide, direct, and assist him in the performance of his work, and failed to formulate, promulgate, and enforce proper rules and regulations for the safety of deceased and his said co-employés, as a result of all of which large quantities of rock and earth and a bucket were caused to fall upon the body of the said George Bertolami and injure him and kill him as aforesaid."

Defendant objected to the sufficiency of said notice on the ground that it failed to state as a cause of injury the negligence of a superintendent or a person acting as such, which objection being overruled, and the notice being admitted in evidence, the defendant excepted.

At the close of the plaintiff's case, the defendant moved to dismiss the complaint upon the following grounds, among others:

"The notice served under the employer's liability act does not state as cause of injury negligence of a superintendent or of a person acting as such with the authority and consent of the employer, and is insufficient as a foundation for this action, as the cause of injury, above stated, is the cause of injury relied on."

This motion upon this ground was renewed at the close of the whole case, and an exception taken to its denial, and the defendant requested the court to charge:

"The notice served by plaintiff is insufficient, as it fails to state as the cause of injury the cause of injury now relied on"

—which request the court refused, and an exception was duly taken. These motions and exceptions completely raise the question of the sufficiency of the notice which is the foundation of this cause of action, and present the only question to be considered upon this appeal, because, assuming that the notice was sufficient, the evidence fairly presented a question of fact as to the negligence of the foreman, Carniel, and as to whether or not the acts done by him and claimed to be negligently done were acts of superintendence performed by one acting as superintendent. These two questions of fact were carefully and properly submitted to the jury. The court also charged specifically that the plaintiff had failed to establish any other acts of negligence specified in the notice and any of those alleged in the complaint, other than the negligence of the superintendent. Being fair questions of fact, and having been resolved by the jury in favor of the plaintiff, we would not disturb this verdict as against the weight of evidence. Nor could we set it aside or reduce it as excessive, because the order denying the motion for a new trial, which is appealed from, does not show that a motion was made and denied to set aside the verdict as excessive.

It is to be noted that the first complaint, held by this court upon the last appeal (125 App. Div. 584, 109 N. Y. Supp. 1006) to be insufficient, followed the language of the notice, and did not set up any cause of action based upon the negligence of a superintendent, which is a cause of action given by the employer's liability act. The amended complaint distinctly sets forth that cause of action, and it is upon that cause of action that the plaintiff has recovered. While the complaint could be and has been amended, of course it was impossible to alter the notice, so that the question is squarely up, Is the notice sufficient? for if not, it of course cannot sustain a sufficient complaint.

In Harris v. Baltimore Machine & El. Works, 188 N. Y. 141, 80 N. E. 1028, Gray, J., said:

"The employer's liability act extended the liability of the employer of labor at common law, and, in order to sufficiently plead a cause of action thereunder, required as a condition precedent that notice be given of the accident to the master. It gave an additional cause of action, because it prescribed that a master should be liable for the negligence of the superintendent or the person acting as such. Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411. At common law such a liability was not recognized unless the superintending servant was the alter ego of the master with respect to the work"—cited in Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725; Gallagher v. Newman, 190 N. Y. 444, 83 N. E. 480, 16 L. R. A. (N. S.) 146.

The statute imposing liabilities upon the master not known to the common law, the courts have had this to say upon the rule of construction to be applied. In Barry v. Derby Desk Co., 121 App. Div. 810, 106 N. Y. Supp. 575, Mr. Justice Lambert said:

"In no case where the rights of the individual are enlarged beyond the common-law right has it ever been held that the statute is open to liberal construction so far as we have been able to discover."

Mr. Justice Scott, concurring, said:

"It is true that the act, so far as it concerns the employé, is remedial in its nature, but as regards the employer it enlarges his liability, and, while it should not be so construed as to hamper the employé in the pursuit of his added remedy, the employer is entitled to such a notice of the alleged cause of injury as will enable him to intelligently investigate the circumstances."

In Williams v. Citizens' Steamboat Co., 122 App. Div. 188, 106 N. Y. Supp. 975, Mr. Presiding Justice Smith said:

"The liability created by the employer's liability act has been held by this court to be in derogation of the common law, and the act is subject, therefore, to strict construction. O'Neil v. Karr, 110 App. Div. 571, 97 N. Y. Supp. 148."

In Droge v. Robins Company, 123 App. Div. 537, 108 N. Y. Supp. 457, Mr. Justice Woodward said:

"Whatever of uncertainty originally surrounded the question of the scope of the employer's liability act, it is now established that, in order to hold the employer liable, it must be shown, not only that the negligence was that of one exercising superintendence, but that he was engaged in an act of superintendence at the time."

In Bovi v. Hess, 123 App. Div. 389, 107 N. Y. Supp. 1001, Mr. Justice Lambert said of this act:

"It is to enlarge the common-law obligations of those who become employers, and under well-established rules a change in the common law taking away rights is to be strictly construed. It may be said that it gives rights to the

employé, and is, therefore, to be liberally construed to effect that result, but, where it is necessary to take from one man to give to another, it would seem that the common law, the growth of ages of careful development of the rights of man, should not be changed farther than is required to meet the letter of the statute."

The notice served has been held insufficient where it contained merely general allegations of negligence in Miller v. Solvay Process Co., 109 App. Div. 135, 95 N. Y. Supp. 1020, Ortolano v. Degnon Contracting Co., 120 App. Div. 59, 104 N. Y. Supp. 1064, Barry v. Derby Desk Co., 121 App. Div. 810, 106 N. Y. Supp. 575, Finnigan v. New York Contracting Co., 122 App. Div. 714, 107 N. Y. Supp. 855, Bovi v. Hess, 123 App. Div. 389, 107 N. Y. Supp. 1001, Glynn v. N. Y. C. & H. R. R. R. Co., 125 App. Div. 186, 109 N. Y. Supp. 103, Kennedy v. New York Telephone Co., 125 App. Div. 846, 110 N. Y. Supp. 887, and Palmieri v. S. Pearson & Son, 128 App. Div. 231, 112 N. Y. Supp. 684; and the question, so far as general allegations of negligence are concerned, may now be regarded settled by the case of Finnigan v. New York Contracting Co., 87 N. E. 424, 194 N. Y. 244, where Hiscock, J., said:

"We have no idea that the Legislature intended to require a notice of such technical form and perfection that it would satisfy the tests to be applied to a pleading, and demand a skill in preparation which would be entirely beyond the capacity of a layman. Such construction would tend to defeat the purposes of the statute, and it should not be adopted. On the other hand, we have no doubt that the Legislature intended that the notice in stating the cause of the injury should with reasonable definiteness and completeness, in however informal and inartistic manner, indicate the negligent or wrongful misconduct of the employer really claimed to have been the cause of the accident, and really relied on as the basis of the complaint against him, and this manifestly that he might by virtue of said seasonable notice investigate and prepare to defend against the charge thereafter actually to be prosecuted. It seems obvious that the notice which has been served as a foundation for this action does not comply with these principles in its statement of the cause of the injury. In the first place, it states many independent grounds of negligence, all of which could not within any reasonable probability be applicable to a single accident, with nothing to apprise the employer of the one which was really relied upon. * * * If this form of notice is good then there is no reason why printed blanks should not be prepared and used setting forth all the known grounds of negligence on the part of an employer, some few spaces being left for details of names, dates, and places appropriate to each claim. In the next place, even if we should assume that the claimant was entitled thus to serve a notice setting forth many grounds of negligence on some of which he did not intend to rely, and then in the end select the one which he thought was applicable, we think that there was no statement which fairly and completely described the cause of the accident which killed plaintiff's intestate as disclosed by the facts. * * * On the argument before us the plaintiff's counsel seemed especially to rely on the failure to properly inspect the place where intestate was placed at work, but it is clear that the statement of failure 'to properly inspect, guard, and protect the place where he [intestate] was at work,' does not fairly describe or include what was the underlying cause of the accident, namely, the act of the defendant in allowing an unexploded charge of dynamite to remain in the rocks near where intestate was placed at work. * * * It is evident that a mere allegation of failure to inspect, guard, and protect a place of work would not reasonably indicate what the real, producing trouble in this case was as distinguished from many others which might have existed. And precisely the same argument demonstrates the insufficiency of the other somewhat kindred statement that the defendant failed to furnish 'a suitable and safe place to work.'"

In the following cases the notice has been held to be good:

O'Donnell v. Parker Co., 125 App. Div. 475, 109 N. Y. Supp. 875, but there the notice stated: "Specifically the negligent failure and omission of you, your agents and those to whom you had given the power of superintendence, to furnish me with a safe and secure scaffold upon and from which to perform said work, and solely by the reason of the negligent failure and omissions of you, your agents and those to whom you had given the power of superintendence, as aforesaid, I fell from said scaffold to the floor of said basement and thereby and by reason thereof" sustained certain injuries; and the court held that it was the duty of the employer to furnish a safe scaffold, and that the defendant was specifically informed by the notice that the precise cause was the negligence of the defendant, its agents and those to whom it had given the power of superintendence to furnish him with a safe and secure scaffold upon which to work, and that owing to such failure he fell from the scaffold and sustained the injuries. .

Campbell v. Long Island R. R., 127 App. Div. 258, 111 N. Y. Supp. 120. There the notice specified "the negligence and carelessness of the person employed by you and who was intrusted with, and actually did exercise, superintendence, in causing, permitting, and allowing a certain rope which was attached to iron that I was trying to put in place to become caught in or against certain cars that were being operated by your company." It will be seen that that notice alleged negligence in superintendence and facts causing the injury.

In Lobasco v. Moxie Nerve Food Co., 127 App. Div. 677, 111 N. Y. Supp. 1007, the court held there was a common-law action as well as that the notice was sufficient. In that case the plaintiff was engaged in wrapping bottles, one of which burst and caused the injuries complained of. The notice alleged, among other things, that the master failed to furnish suitable apparatus with which to do said work and furnished defective bottles, "and did not properly guard same, and failed to properly instruct me in the performance of my work, by reason of all of which one of the bottles exploded and caused the destruction of my eye, as aforesaid." The particular apparatus referred to was a mask to cover and protect the face, and the court pointed out that the liability to injury without a proper protection for the face was apparent and was appreciated not only by the plaintiff, but by the foreman of the defendant who had told him to continue his work, and that some provision to protect him against injury would be made.

We then come to two recent cases decided by the Second Department, but before the decision of the Court of Appeals in the Finnigan Case, supra. Matrusciello v. Milliken Brothers, 129 App. Div. 661, 114 N. Y. Supp. 223. In that case, leaving out the verbiage, the notice read:

"That I, on April 22nd, 1907, at about 10:30 p. m., while in your employ, working in connection with your contracting operation at Mariners Harbor, Staten Island, New York, was struck, injured and run over by one of your cars or trains and sustained serious, painful and permanent injuries."

And then follow general allegations of various kinds of negligence. The majority of the court, by Mr. Justice Miller said:

"Eliminating the general statements of negligence, which are useless ver-biage, and would be useless even in a complaint, except possibly to embarrass the plaintiff, the notice states the time, place, and cause of the injury as fol-lows: Time, about 10:30 p. m., on April 22, 1907; the place, where the de-fendant's contracting operations were being carried on at Mariners Harbor, Staten Island; the cause, the plaintiff's being struck and run over by one of the defendant's cars or trains. Here is a definite statement of all the statute requires."

Mr. Justice Rich, with whom Woodward, J., concurred, concurred in the result, upon the ground that the complaint stated facts suffi-cient to constitute a cause of action at common law, but held that the notice was insufficient in that it failed to state the cause of injury as the learned trial justice correctly held, stating:

"The plaintiff contends that the notice would have been amply sufficient if it had merely stated that the plaintiff was struck and injured by the defend-ant's train and cars. Such statement is the result of the negligent cause which produced the injury, and not the cause itself. The cause in the case at bar was correctly stated by the learned counsel in the trial court to have been the starting of the switch train which ran over the plaintiff without giving him a signal or warning. Had the notice stated that the cause of his injury was the negligence of the defendant and its agent superintending the work in starting its switch train without a signal or warning, as a result of which it ran over and injured plaintiff, it would have been sufficient within the case of O'Donnell v. Parker Co., which is cited to sustain the proposition, but there is nothing in the notice served advising the defendant of the manner in which the accident happened, or in what manner its agent, charged with the duty of superintendence, had been negligent or failed in the duties he was charged to perform; there is nothing in the notice apprising the defendant that the accident was caused by the starting of the train without signal or warning, which was required to enable defendant to make an intelligent in-vestigation to determine whether any act of its superintendent had rendered it liable and to preserve the evidence necessary to a proper defense—and in all these respects it is insufficient within the rules declared in the cases cited."

In Young v. Bradley & Son, 129 App. Div. 679, 114 N. Y. Supp. 264, where Mr. Justice Miller again wrote for the majority of the court, the notice stated:

"By reason of your failure to furnish me with a safe and proper place in which to do the work which I was engaged to do by you, in that there was no proper platform or scaffold furnished from which to do the work."

The court held that the notice did not contain an accurate statement of the specific cause of injury, and that the question presented was whether the defect was an inaccuracy which could be obviated by proof that there was no intention to mislead, and that the defendant was not, in fact, misled. Mr. Justice Rich, with whom Woodward, J., concurred, pointed out that the complaint alleged a common-law cause of action as well as one under the employer's liability act, but held that the notice served was insufficient, it not stating the cause of the injury; that he did not think that it presented merely an inac-curacy which could be overcome by proof of no intention to mislead, but that the case came within the principle decided in the Finnigan and Glynn Cases, supra.

In the case at bar it is claimed that, as the statute provides only that the notice shall state the time, place, and cause of the injury, that that provision is satisfied by the language of this notice, "as a result of all of which large quantities of rock and earth and a bucket were

·caused to fall ·upon the body of said ·George Bertolami and injure and kill him, as aforesaid"; that, as the cause of death was the fall of the rock and earth and that was stated, that was all that was required under the statute. We are not dealing, however, with this statute as a case of first impression. It has been upon the books for seven years, and has been interpreted by many cases. It must be borne in mind that no notice is required for a common-law action, and that the court charged the jury specifically, and, as it is conceded, properly, that the evidence failed to establish that the injury was caused by any ·one of the instances of negligence pointed out by this notice; that the sole ground upon which this master, under the evidence in this case and under the complaint itself, can possibly be held liable is for the negligence of his foreman engaged in an act of superintendence; that ·that cause of action was one which depends solely upon the statute; and that in the notice there is not the faintest suggestion that this injury was caused by any negligence in superintendence. The mere fall of a quantity of earth and rock would not make the master liable. It is only because that fall was occasioned by the negligent act or omission of the superintendent. Here was a concern prosecuting a great ·work. It had many employés and many men occupying positions of ·more or less authority. The purpose of the statute, as pointed out in all the cases, is that as a condition for permitting this new cause of action such notice shall be given that the master may make prompt ·investigation, ascertain the facts, and prepare for his defense. There is absolutely nothing in this notice to call attention to the particular ·place in this Pennsylvania Terminal excavation on East Thirty-Third street, or the particular gang which was engaged in it, and no suggestion of fault by any foreman or superintendent thereof. As said by Mr. Justice Jenks in the Palmieri case, supra:

"Certain ,requirements of the notice are to the end that the employer is pointed to the specific act or omission charged against him that he may look into and adjust the claim or resist it as may seem advisable. This provision is just to the master in view of the extension of his liability by the statute beyond the common law."

What specific act or omission is pointed out by this notice? As said ·by Mr. Justice Woodward, in the Glynn case,, supra:

"For instance, if the accident was caused by reason of the negligence of ·the superintendent or person occupying that relation, the facts constituting the negligence should be stated, while if the accident was due to any defect in the condition of the ways, works, or machinery, the particular defect should be pointed out."

And by Mr. Justice Lambert in the Bovi Case, supra:

"It should tell in some way how the accident happened, what was done, who ·did it, and the result, that the employer may determine his liability, and pre- ·serve the evidence necessary to the proper defense, if he have a defense."

And Mr. Justice Ingraham, in the Finnigan Case, supra:

"When liability was extended to every case in which any person charged by him with the duties of superintendence was negligent so that the employer would be liable for an injury with which he personally had no connection and which he had taken every personal precaution to prevent, he was entitled to notice of just what the accident was so that he could at once investigate the .actions of those intrusted with the duties of superintendence, and be prepared

to meet the charge that such persons had failed in the duties which they were charged to perform. But not only is the notice in this case not a notice of the cause of the accident, but the notice that it does give to the defendant was that the injury was caused by the negligence of the defendant, and not by the negligence of a person in its employ who was charged with the duty of superintendence."

Said Mr. Justice Laughlin in the Ortolano Case, supra, after pointing out that the notice contained no reference to negligence in superintendence:

"This notice, at most, indicates a claim made under the common law, and while it was not essential to the plaintiff's right to sue on a common-law liability that he should serve a notice of claim, yet it must be regarded as now well settled that a notice to constitute the basis for an action under the employer's liability act must fairly apprise the employer that the claim is made under the statute and point out the negligence from which the injury arose."

I think that this notice, which in all respects is similar to that considered by the Court of Appeals in the Finnigan Case, supra, except that there is added thereto, "As a result of all of which large quantities of rock and earth and a bucket were caused to fall on the body of said George Bertolami and injure and kill him, as aforesaid," comes directly within the reasoning of that decision, and that the language of Hiscock, J., "If this form of notice is good, then there is no reason why printed blanks should not be prepared and used, setting forth all the known grounds of negligence on the part of an employer, some few spaces being left for details of names, dates, and places appropriate to each claim," applies with precision.

It follows that, as the notice which is the foundation of the cause of action upon which this judgment rests was insufficient in that it did not comply with the terms of the statute, it was erroneously admitted in evidence, and the exceptions taken by the defendant to the denial of its motions are good.

The judgment and order appealed from should be reversed, with costs to the appellant, and a new trial ordered.

McLAUGHLIN and LAUGHLIN, JJ., concur.

SCOTT, J. (dissenting). The plaintiff has thrice recovered a verdict for damages, and we have twice reversed the judgment in her favor. The first reversal was for error in refusing to charge (120 App. Div. 192, 105 N. Y. Supp. 90); the second by reason of variance between the complaint and proof (125 App. Div. 584, 109 N. Y. Supp. 1006). Neither of those defects are found in the present record. The action is brought under the employer's liability act; the negligence now charged in the complaint being that of a superintendent, or a person acting as superintendent. We are now asked to reverse the present judgment because (as it is said) the notice of claim served upon defendant is insufficient under the statute. The ground of insufficiency as stated by defendant's counsel in his motion to dismiss is that "it does not state as cause of injury negligence of a superintendent or of a person acting as such with the authority and consent of the employer." In this case, as claimed by plaintiff, and as found by the jury, the cause of the injury to the deceased was the

fall of rock in the tunnel, and the cause of the fall of the rock was the negligence of a superintendent. The objections made to the notice therefore amount to this: That to be sufficient the notice must state the cause of the cause which injured the deceased. This is not what the statute in terms requires. Section 2, c. 600, p. 1749, Laws 1902, provides that no action may be maintained under the act "unless notice of the time, place, and cause of the injury is given to the employer within one hundred and twenty days." As has frequently been remarked in cases among those so carefully collected by Mr. Justice Clarke the act imposed upon employers a new liability not known in the common law. Hence provision was made for notice to be promptly given which should enable the employer to identify the casualty for which it was intended to hold him liable, and to ascertain the facts to the end that he might prepare a defense. Whatever may be the practice in large communities where important works are in progress, the Legislature certainly never contemplated that there would be a lawyer, or a lawyer's agent, constantly at hand to offer legal services to injured workmen, and to draw, in legal form and phraseology, a notice to be given to the employer. As the Court of Appeals has recently said:

"We have no idea that the Legislature intended to require a notice of such technical form and perfection that it would satisfy the tests to be applied to a pleading, and demand a skill in preparation which would be entirely beyond the capacity of a layman." Finnigan v. New York Contracting Co., 194 N. Y. 244, 87 N. E. 424.

The notice in the present case reads as follows:

"To the United Engineering & Contracting Company,

"No. 32 East 33rd Street, New York City:

"Sirs: Please take notice *that on August 7th, 19 6,* George Bertolami, deceased, then in your employ, received injuries to his body which resulted in his death, and that said injuries and death were received while working in connection with the contracting operation of the *Pennsylvania Terminal excavation on East 33rd Street, New York City, Manhattan.*

"*That the injuries which caused the death of the said George Bertolami* were caused without any negligence on his part in any wise contributing thereto, but solely by your negligence, as his master, in that you failed to furnish him with a reasonably safe place to work, and failed reasonably to safeguard, inspect and keep safe the place, appliances and apparatus used in connection with said contracting operation, and failed to furnish deceased and said contracting operation with reasonably safe appliances, apparatus, cables, ropes, wires, buckets, ways, works and machinery with which to do said work, and knowingly employed and retained incompetent foreman and co-workmen to guide, direct and assist him in the performance of his work, and failed to formulate, promulgate and enforce proper rules and regulations for the safety of deceased and his co-employés, *as a result of all of which large quantities of rock and earth and a bucket were caused to fall upon the body of the said George Bertolami, and injure and kill him, as aforesaid.*

"Yours, etc.,    (Signed)    Pasqualina Bertolami, Administratrix."

On reading the italicized words in this notice, and disregarding as surplusage all the rest, it will be seen that it complies literally with the requirements of the statute. It states the time of the injury as August 7, 1906; the place as the Pennsylvania Terminal excavation on East Thirty-Third street, New York City, Manhattan; and as the cause of the injury that "large quantities of rock and earth and.

a bucket were caused to fall upon the body of. the said George Bertolami, and injure and kill him as aforesaid." It does not state what caused the rock and earth to fall, which, as the evidence showed, was the negligence of a superintendent. So we have presented a typical case of a notice which does state the time, place, and cause of the injury to the deceased, and which attempts to state, but does not, the culpable act which induced the accident. It may be conceded at once, as we have already decided, that the statements contained in the notice would not be sufficient, if embodied in a complaint, to state a cause of action for the negligence of a superintendent, but as I read the statute and the authorities that is precisely what is not required in a notice. Its purpose is not to state a cause of action, but to give notice of the fact of an injury and of its cause, meaning, thereby, the immediate, and not a remote, cause. There have been, of course, many cases in which the notice was obviously insufficient and has been so held. There are others which have been held insufficient because they failed to state the cause of the injury, although they did charge faults which might have led to a cause of injury. Such was the Finnigan Case cited above. Such, also, was Barry v. Derby Desk Co., 121 App. Div. 810, 106 N. Y. Supp. 575, in which the cause of the injury was the breaking of a scaffold plank. The notice charged negligence in various forms, but did not state what accident or incident caused the injury. In the majority opinion the court said:

"Under such a notice as this, no one could possibly determine just what accident or incident caused the plaintiff's injury, which, as the evidence showed, was the breaking of a scaffold plank. What the plaintiff has given notice of is not the cause of the injury, but the cause of that cause. This, as I consider, was not a substantial compliance with the statute."

In Lobasco v. Moxie Nerve Food Co., 127 App. Div. 677, 111 N. Y. Supp. 1007, the cause of the injury stated was that "one of the bottles exploded and caused the destruction of my eye, as aforesaid." The notice attempted to state the reason for the accident, but failed to state what proved to be the true reason, to wit, that the plaintiff had not been furnished with a mask to guard his face from flying glass. This court held the notice good, saying:

. "The notice contains all that the statute requires. It sets forth the time, place; and cause of the injury."

In Matrusciello v. Milliken Bros., 129 App. Div. 661, 114 N. Y. Supp. 223, the notice, in addition to the time and place, stated that plaintiff was "struck, injured, and run over by one of your cars or trains, and sustained serious, painful, and permanent injuries." It also undertook to state various kinds of negligence as leading up to the accident. The notice was held to be good, not because of, but rather in spite of, its general allegations of negligence, the court saying:

"Eliminating the general statements of negligence which are useless verbiage, and would be useless even in a complaint, except possibly to embarrass the plaintiff, the notice states the time, place, and cause of the injury as follows: Time, about 10:30 p. m., on April 22, 1907; the place, where the defendant's contracting operations were being carried on at Mariners Harbor, Staten Island; the cause, the plaintiff's being struck and run over by one of

defendant's cars or trains. Here is a definite statement of all the statute requires."

In Massachusetts, where the requirement of the statute as to the contents of the notice is the same as our own, the question has frequently been passed upon. In Lynch v. Allyn, 160 Mass. 248, 35 N. E. 550, the notice set forth the time and place, and stated the cause of the injury as follows: "The falling of a bank of earth." The cause of the accident was the negligence of defendant's superintendent. The objection taken to the notice by defendant was that it did not refer to the superintendent or his conduct. The court said:

"We do not think it was necessary that it should do so. The cause of the injury was properly stated. It was not necessary for the plaintiff to state the cause of that cause."

In Brick v. Bosworth, 162 Mass. 334, 39 N. E. 36, a death case, the notice stated as the cause of the injury:

"The cause of the death of my said husband was the falling of a derrick upon him, the same being improperly or insecurely fastened."

It was held that this notice was sufficient, and that under it the plaintiff might recover either upon the ground of the superintendent's negligence or for a defect in the ways, works, and machinery. The employer's liability act is a comparatively new one in this state, and it is not strange that it is difficult to harmonize all that has been said upon it. As I read the authorities, however, it has uniformly been held, whenever the point has been directly involved, that a notice is sufficient if it complies literally with the words of the statute, and states the time, place, and cause of the injury; that it is unnecessary to state the culpable act which led to the accident which caused the injury; that the attempt to state the cause of the accident may be disregarded as surplusage, and if such an attempt is made, but fails, to specify the right cause of the accident, it will not vitiate the notice, provided the cause of the injury is clearly and distinctly set forth. This, as I understand it, is the intent of the statute, for it must happen, especially in death cases, that the person injured, or his representative, may be fully cognizant of what caused the injury, but quite unable to specify whether that cause resulted from the negligence of a superintendent, or a defect in the ways, works, or machinery, or any other matter which would cast liability upon an employer. In my opinion, the notice under review meets all the requirements of the statute. If the present appeal were from the first judgment in this action I should entertain some doubt whether the evidence justified the verdict. Three juries however have found in plaintiff's favor, and, in my opinion, it is too late to question their findings upon the facts.

I am therefore in favor of an affirmance with costs.

INGRAHAM, J., concurs.