In re BOARD OF WATER SUPPLY IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. April 21, 1911.) In the matter of the application of the Board of Water Supply, on behalf of the city of New York, to acquire real estate, etc. (Catskill Aqueduct, section No. 6). No opinion. Motion denied, without costs, on condition that appellant perfect the appeal, and place the case upon the calendar for the first motion day of next term; otherwise, motion granted, with $10 costs.

BOROWSKI, Respondent, v. OCEAN ACCIDENT & GUARANTEE CORP., Limited. Appellant. (Supreme Court, Appellate Division, Fourth Department. March 14, 1911.) Action by Stanislaus Borowski against the Ocean Accident & Guarantee Corporation, Limited. No opinion. Order affirmed, with $10 costs and disbursements.

BORUP v. BORUP. (Supreme Court, Appellate Division, First Department. March 17, 1911.) Action by Elma G. Borup against George D. Borup. No opinion. Motion to dismiss appeal denied, without costs. Order filed. See, also, infra.

BORUP v. BORUP. (Supreme Court, Appellate Division, First Department. March 31, 1911.) Appeal from Special Term, New York County. Action by Elma G. Borup against George D. Borup. From an order as resettled, adjudging defendant guilty of contempt for failure to pay alimony and counsel fee, he appeals. Reversed, and motion denied. Ellen T. Bennett, for appellant. Samuel H. Wandell, for respondent.

PER CURIAM. Order reversed, without costs, and motion denied, without costs, on the ground that there is no proof that a certified copy of the order of August 20, 1907, was ever served on the defendant.

BOURNE v. DEGENER et al. (Supreme Court, Appellate Division, Second Department. April 21, 1911.) Action by Emma A. Bourne, individually, etc., against Clara Degener and others. No opinion. Motion granted, with costs.

BOVI v. HESS et al. (Supreme Court, Appellate Division, First Department. April 13, 1911.) Action by Joseph Bovi against Max Hess and others. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed. See, also, 107 N. Y. Supp. 1001.

BOWEN, Appellant, v. NORRIS et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 24, 1911.) Action by Abner T. Bowen against Alfred L. Norris and others. No opinion. Order modified on argument, and, as modified, affirmed, without costs. Settle order before the Presiding Justice.

BOYD, Appellant, v. ROSS, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 22, 1911.) Action by Thomas E. Boyd against Wellington M. Ross. No opinion. Judgment affirmed, with costs.

BRADT v. BRADT et al. (Supreme Court, Appellate Division, Third Department. March 8, 1911.) Appeal from Special Term. Action by John V. D. H. Bradt, Jr., executor, against John H. Bradt and another. From the judgment, plaintiff appeals. Reversed, and new trial granted. Harris & Rudd (Wm. L. Visscher, of counsel), for appellant. William A Glenn (Marcus T. Hun, of counsel), for respondents.

PER CURIAM. The evidence does not show a completed gift. Sullivan v. Sullivan, 161 N Y. 554, 56 N. E. 116; Turnbull v. Turnbull, 118 App. Div. 449, 103 N. Y. Supp. 499; Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543.

HOUGHTON, J. (dissenting). I think this judgment should be affirmed. Until the decision of the Court of Appeals in Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543, all of the courts of the state had indulged in much loose talk and conceived many false notions concerning the legal rights to a deposit made by one to the order of himself or another, or the survivor. The failure to give such transaction its ordinary and reasonable legal meaning and effect resulted in most instances in defeating the intent of the depositor. When a man deposits money in a savings bank to the credit of himself or another named person, or the survivor, he necessarily intends one of two things. First, he intends to serve his own convenience in drawing, because he may desire to draw some of the money and not be able to present the book himself, and hence names another with authority to do so; or, second, he intends to transfer title to the money to his codepositor and make him a joint owner thereof. Eliminating the question of deposit for convenience, there can be no other reasonable construction of the act of making the deposit in such a form than that the depositor intends to transfer joint title to the money to the person to whose order he makes the account payable. The transfer need not necessarily be absolute to make it valid. In a legal sense it is absolute when made, subject, however, to the contingency of the depositor surviving the joint depositor. The joint ownership of the deposit carries with it the right of either to draw, and the fact that the depositor reserves the right to draw on the account does not affect the title to that which may remain undrawn. So far as the bank is concerned, the Legislature has recognized the situation, and has provided by section 144 of the banking law (Consol. Laws 1909, c. 2) that the bank is protected when either shall draw. The trouble has all come about from calling the transaction a gift, and investing it with the necessary attribute of delivery attaching to a gift. In fact and in law it is a transfer of the money to joint ownership. Delivery of the bank book